SUBIRANA ET AL *v.* PADILLA, JUEZ DE DISTRITO.

SOLICITUD para que se expida un mandamiento de *Certiorari.*

No. 20.—Resuelto en febrero 15, 1907.

CERTIORARI—SU OBJETO—RECURSO ORDINARIO—APELACIÓN.—El recurso de *certiorari* tiene por objeto corregir errores de procedimiento, ó terminar un

procedimiento en los casos en que la corte inferior se niegue á ello por motivos injustificados, pero nunca es procedente dicho recurso en los casos en que exista una apelación ú otro recurso adecuado para corregir los errores que se hubieren cometido.

ID.—PROVIDENCIA ESPECIAL.—Una resolución dictada después de sentencia definitiva, dejando sin efecto ciertas órdenes de la corte y las diligencias practicadas para su cumplimiento, y rechazando ciertas mociones de la parte actora y ordenando el archivo de la causa, tiene el carácter de providencia especial dictada después de sentencia definitiva, y es apelable con arreglo al numero 3 · del artículo 295 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado de los demandantes: *Sr. Tous Soto (José)*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

La resolución del Juez de la Corte de Ponce explica los hechos con claridad y exactitud; dice así:

"En 12 de junio de 1886, Don José Vila y Soler siguió un juicio ejecutivo contra Doña Eduvigis Collazo para el cobro de 554 pesos é intereses. Este pleito se paralizó en 27 de abril de 1888, pendientes los autos en primera instancia ante el juez de esta ciudad y su partido; y en 5 de septiembre del año actual, 1906, el Abogado Don José Tous y Soto, á nombre de Don Tomás Subirana y Mir, Doña Mercedes Laguna y Cedó y Don Temístocles Laguna y Dapena, cesionario de Don José Vila y Soler, presentó moción á la corte para que se sustituyera á estas personas como demandantes, se sustituyera como demandados á Doña Eduvigis Collazo y Rivera, á María Ramona Franco y Collazo y su esposo José Muñoz, á Antonia Cayetana, á Estefanía y á María Zoila, las tres de apellido Franco y Collazo, y para·que se ordenara el cumplimiento de la transacción obrante á los folios 35 al 38 vuelto, del susodicho juicio ejecutivo, aprobada judicialmente, según auto del folio 44.

"La corte en 18 de octubre próximo pasado, autorizó la sustitución de partes demandantes y demandadas, y mandó que éstos fuesen requeridos para que dentro de 5º. día otorgaren á favor de aquéllos la escritura. de venta de inmueble á que se obligaron por la transacción de que se ha hecho mérito, y que si ellos no lo hicieren lo haga el marshal. Suspendidos los efectos de este decreto, á moción de los demandados, comparecieron ambas partes ante la corte el día 10 del mes corriente, á discutir sus derechos, informando por la parte demandada el Letrado Don Luís Llorens Torres, que impugnó la pretensión

del actor, fundándose en que no se había verificado la supuesta transacción y en que, de haberse verificado, no procedía cumplirla por haber caducado la instancia, argumentos que rebatió el defensor de los demandantes.

"Trátase aquí de una transacción judicial, puesto que su fin ha sido el de poner término á un pleito y está consignada en escrito presentado dentro de él, y que ha provocado el auto de fecha 16 de septiembre de 1886. Según el Código Civil vigente en esta fecha, artículo 1816, respecto de una transacción de esta clase procede la vía de apremio, siempre que á ella pueda atribuirse la autoridad de la cosa juzgada. De modo que toda la cuestión en este caso se reduce á la resolución de estas dos preguntas: 1ª. ¿Se verificó la transacción? 2ª. ¿Tiene carácter y fuerza de ejecución?

"La simple lectura del escrito que se halla á fólios 35 al 38 vuelto, del juicio ejecutivo persuade de que entre las partes primitivas se hizo la transacción para poner fin al pleito, y que, por ser una de las bases para aquélla, la enagenación de un inmueble en que tenían participación personas de menor edad, se solicitó la aprobación judicial necesaria, según el artículo 1810 del citado Código Civil. Tal aprobación recayó, según se ve, por el auto de fecha 16 de septiembre de 1886, al folio 44.

"Basta, pues, para resolver la cuestión íntregramente, determinar los efectos de ese auto, puesto que el repetido artículo 1810 declara que no surtirá efecto la transacción sin la aprobación judicial, en otros términos, basta decidir si el auto es final ó no lo es.

"El artículo 2028 de la Ley de Enjuiciamiento Civil, bajo cuya vigencia se dictó al auto de que se trata, lo declara *apelable en ambos efectos;* luego el auto no es firme por su naturaleza. Si no lo fuere tampoco por aquiescencia ó consentimiento de las partes, habrá que concluír que no lo es de ninguna manera. En el pleito no consta que el auto fuera notificado á la demandada Doña Eduvigis Collazo, ni hay constancia ninguna de la que pueda inferirse que ella tuvo noticia de aquella resolución, ni es lícito presumir la renuncia de un derecho. El término para apelar de una resolución se contaba, según la ley que se ha dicho, regía desde el día siguiente al en que la resolución era notificada (artículos 303 y 304), y la parte en este caso hubiera tenido cinco días hábiles para entablar el recurso (artículo 381, 382).

"Siendo, por tanto, indudable que el auto no tiene el carácter de firme, consecuencia necesaria es que tampoco se atribuya ese carácter á la transacción misma, que carece de efecto legal si no lo deriva del auto.

"Los anteriores fundamentos serían suficientes para rechazar la pretensión del actor; pero como la falta de notificación es subsanable *per se,* hay que determinar si á subsanarla no se opone la caducidad de la instancia.

"Los artículos 411 y 412 de la Ley de Enjuiciamiento Civil, tantas veces citada, establecen de un modo preciso y terminante que la primera instancia de los pleitos caduca á los cuatro años, contados desde que haya dejado de instarse su curso, no mediando fuerza mayor ni otra causa justa independiente de la voluntad de las partes y, por último, el artículo 311 declara que los términos improrrogables no pueden abrirse después de cumplidos, por vía de restitución ni por otro motivo alguno. Según estos precedentes el 28 de abril de 1892 había ya caducado el derecho de las partes para mover este litigio.

"Por tanto, la corte decreta—se declaran sin valor ni efecto todas las órdenes dictadas en este caso desde la que lleva fecha 18 de octubre último, y cuantas diligencias se hayan practicado para cumplimiento de ellas, se rechazan todas las mociones del actor desde la formulada en 5 de septiembre de este año, y archívense los autos, agregando á ellos certificación del presente, á costa de la parte actora. Noviembre 17 de 1906.—Julio M. Padilla, Juez de la Corte."

El abogado Don José Tous Soto, en representación de Don Tomás Subirana y Mir, Mercedes y Temístocles Laguna y Cedó, solicitó de esta Corte Suprema que se expidiera un auto de *certiorari* al Juez de la Corte de Ponce para que remitiera los autos originales seguidos por Don José Vila Soler contra Doña Eduvigis Collazo y que en difinitiva se anulase la orden que se insertó literalmente al ingreso de este dictamen.

Se expidió el auto solicitado, y aquí están los autos originales.

Este caso hay que resolverlo, teniendo en cuenta el Código de Enjuiciamiento Civil vigente.

Este Código empezó á regir el primero de julio de 1904 y Doña Eduvigis Collazo debió acudir á la Secretaría de la Corte de Ponce á enterarse del resultado de la resolución que ella, de acuerdo con Don José Vila y Soler, había solicitado, si es que desde su fecha no estaba ya enterada parti-

cularmente para establecer los recursos que creyera convenientes.

No lo hizo así y hoy tenemos que convenir en que esa sentencia de 16 de septiembre de 1886 es definitiva.

Viene ahora ante nuestra consideración la resolución de la Corte de Distrito de Ponce de 17 de noviembre de 1906 que se insertó anteriormente y que es la inpugnada por la petición.

El recurso de *certiorari* establecido en esta isla por la Ley aprobada en 10 de marzo de 1904, es de naturaleza privilegiada y sólo cabe en aquellos casos en que nó haya un recurso adecuado y tiene por objeto corregir los procedimientos que no se ajusten á la ley y también para terminarlos cuando el tribunal inferior rehusase hacerlo, fundado en erróneas bases.

Pero nunca es procedente dicho recurso cuando cabe una apelación para establecer el procedimiento legal.

La resolución inpugnada de 16 de noviembre de 1906 insertada anteriormente, contiene en su parte dispositiva, que es á lo que debemos atender los siguientes pronunciamientos.

"Declara sin valor ni efecto ciertas órdenes dictadas y las diligencias practicadas para su cumplimiento."

"Rechaza todas las mociones del actor desde la formulada en 5 de septiembre de 1906."

"Manda archivar los autos, previa agregación de certificación de su provisto" y le impone las costas á la parte actora.

Esta resolución es importante y no puede considerarse de otro modo que como una providencia éspecial dictada después de una sentencia definitiva.

Siendo esto así, cabe contra ella recurso de apelación, según el caso 3°. del artículo 295 del Código de Enjuiciamiento Civil que es el recurso adecuado para corregir todos los errores que se hayan cometido en ésa resolución y excluye el privilegiado de *certiorari* que se ha promovido.

Por tales razones, debe declararse sin lugar la petición con

las costas á los peticionarios y deben devolverse los autos
originales á la corte de distrito de donde proceden.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Aso-
ciados, Hernández, MacLeary y Wolf.