CC-1998-481                                                          1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Francisco León García<br>        Recurrido<br><br>             v.<br><br>Restaurante El Tropical<br>      Peticionario | Certiorari<br><br>2001 TSPR 81 |

Número del Caso: CC-1998-481

Fecha: 7/junio/2001

Tribunal de Circuito de Apelaciones:
                                Circuito Regional I


Juez Ponente:
                                Hon. Roberto L. Córdova Arone

Abogado de Parte Peticionaria:
                                Lcdo. Moisés Abreu Cordero

Abogado de la Parte Recurrida:
                                Lcdo. Rodolfo Cobas Mondríguez


Materia: Despido Injustificado




        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Francisco León García

 Recurrido

 v.                                    CC-1998-481        Certiorari

Restaurante El Tropical

   Peticionario


Opinión del Tribunal emitida por el Juez Asociado Señor Hernández Denton


San Juan, Puerto Rico, a 7 de junio de 2001.

Corresponde determinar en este caso si un tribunal adquiere jurisdicción sobre la persona de un patrono querellado al amparo del procedimiento sumario que provee la Ley Núm. 2 de 17 de octubre de 1961, cuando el emplazamiento de dicha querella se diligencia en la persona de la administradora del lugar donde trabajaba el empleado querellante.

Por entender que el Tribunal de Primera Instancia tenía jurisdicción para dictar sentencia parcial final en rebeldía, confirmamos tanto la resolución recurrida del Tribunal de Circuito de Apelaciones así como la sentencia dictada por el foro de instancia pues el patrono del Sr. León

García fue adecuadamente notificado de la reclamación en su contra de conformidad con las disposiciones de la Ley Núm. 2, *supra*, y en congruencia con las garantías del debido proceso de ley.

## I.

Hace ya más de tres años, el 21 de noviembre de 1997, Francisco León García instó querella contra su antiguo patrono, el "Restaurant Tropical". Alegó haber sido despedido de la posición de capitán de mesero discriminatoriamente, por razón de edad. Reclamó el pago de $1,299.00 a tenor con lo dispuesto por la Ley núm. 80 del 30 de mayo de 1956, 29 L.P.R.A. 185(a)-185(m), y el resarcimiento de los daños y perjuicios sufridos a causa del despido discriminatorio de conformidad con la Ley Núm. 100 del 30 de junio de 1959, 29 L.P.R.A. sec. 146 *et seq.* Dicha querella fue incoada al amparo del procedimiento especial sumario que establece la Ley núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. secs. 3118 *et seq.*

El mismo día que la querella fue presentada, se expidió la orden de citación y emplazamiento y se diligenció en el local donde trabajaba el querellante a través de Alicia Fernández, persona que se encontraba a cargo del restaurante. De conformidad con lo dispuesto por la sección 3 de la Ley núm. 2, 32 L.P.R.A. sec. 3120, en el emplazamiento se advirtió a la parte querellada que debía contestar la querella en un término de diez (10) días luego de la notificación y que, de no hacerlo, se dictaría sentencia en su contra concediendo el remedio solicitado sin más citarle ni oírle.

Pasado un día de haberse expirado el término estatutario compareció Fernández mediante "Escrito Sobre Comparecencia Especial sin Someterse a la Jurisdicción". En síntesis, negó la existencia de ente corporativo alguno con el nombre de "Restaurant Tropical" y argumentó que, por ello, cualquier reclamación contra "Restaurant Tropical" es improcedente en Derecho.

Así las cosas, León García solicitó que se dictara sentencia en rebeldía contra la parte querellada. En cuanto a la alegación de que no procede reclamación contra Restaurant Tropical, León García demostró que "Restaurant El Tropical, Inc." es una corporación organizada bajo las leyes de Puerto Rico y que Fernández es directora y secretaria de la misma. Ante esta contención, la parte querellada replicó alegando que León García nunca trabajó para Restaurant El Tropical, Inc. y que, en realidad, el patrono del querellante era otra corporación de nombre "F.R. & S. Corporation h/n/c Restaurant Tropical", por lo que es contra esta persona jurídica que debió haberse reclamado y dirigido el emplazamiento conforme al debido proceso de ley. Finalmente, y luego de considerar los argumentos de las partes, el Tribunal de Primera Instancia dictó sentencia parcial final en rebeldía contra Restaurant Tropical. Por haberse dictado esta sentencia en rebeldía, quedó pendiente la celebración de vista para adjudicar daños hasta tanto la misma se tornara final y firme.

Concluyó el foro de instancia que, siendo lo esencial que las exigencias del debido proceso de ley queden salvaguardadas, cualquier diferencia en el nombre de la corporación constituye meramente un error de forma que puede enmendarse en cualquier momento de acuerdo a la Regla 4.9 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.9.[1] Concluyó además que, en procedimientos sumarios instados al amparo de la Ley Núm. 2, *supra*, un diligenciamiento es adecuado si se hace en la persona de quien se encuentre a cargo del establecimiento donde se realizó el trabajo.

Debe mencionarse en este punto que, aunque el foro de instancia no lo conocía al momento de dictar sentencia, Fernández es oficial (Secretaria) y directora tanto de Restaurant El Tropical, Inc como de F.R. & S. Corporation h/n/c Restaurant Tropical.[2]

Contra esta determinación del foro de instancia acudió la parte querellada al Tribunal de Circuito de Apelaciones mediante recurso de *certiorari.* Solicitó la revocación de la sentencia recurrida aduciendo que erró dicho tribunal al dictar sentencia en rebeldía contra el nombre comercial "Restaurant Tropical", entidad que no tiene capacidad procesal. El foro apelativo intermedio denegó el auto de *certiorari* solicitado lo que motivó que la parte querellada acudiera ante nos.

Nos señala la parte peticionaria, como primer error, que incidió el Tribunal de Circuito de Apelaciones al concluir que la designación inapropiada del nombre de la parte querellada en el epígrafe del caso es un mero error de forma susceptible de enmienda, sin considerar que la querella fue instada contra un ente sin capacidad procesal con quien el empleado nunca tuvo relación contractual. Como segundo error, señala que se equivocó el foro recurrido al resolver que procedía dictar sentencia parcial en rebeldía a pesar de que las alegaciones de la querella no justifican la concesión de un remedio.

Con el beneficio de las comparecencias de las partes y tras haber analizado sus argumentos, estamos en posición de resolver.

II.

La Ley Núm. 2 del 17 de octubre de 1961, *supra*, se estableció con el propósito de crear un procedimiento abreviado para facilitar que obreros y empleados sostengan una amplia gama de reclamaciones de índole laboral contra sus patronos. Rivera Rivera v. Insular Wire Products, 140 D.P.R. 912 (1996). *Véanse además*, Valentín v. Housing Promoters, res. el 9

---

[1] La Regla 4.9 de las de Procedimiento Civil, *supra*, lee como sigue:
En cualquier momento a su discreción y en los términos que crea justos, el tribunal puede permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, a menos que se demuestre claramente que de así hacerlo se perjudicarían sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento.

[2] *Véanse* Informe de Corporaciones 1994 (Restaurant El Tropical, Inc.); Informe de Corporaciones 1995 (F.R. & S Corp.) en Alegato Querellante-Recurrido, Apéndice, págs. 57, 77.

de octubre de 1998, 98 TSPR 129; Santiago Pérez v. Palmas del Mar, res. el 24 de octubre de 1997, 143 D.P.R. ___ (1997); Mercado Cintrón v. ZETA Communications, Inc., 135 D.P.R. 737 (1994); Srio. del Trabajo v. J.C. Penney Co., 119 D.P.R. 660 (1987); Resto Maldonado v. Galarza, 117 D.P.R. 458 (1986); Díaz v. Hotel Miramar Corp., 103 D.P.R. 314 (1975).[3]

Como cuestión de política pública, el trámite sumario de esta Ley se instituyó con el ánimo de remediar la inequidad económica existente entre las partes al instarse una reclamación de este tipo. Berríos Hereida v. González, res. el 15 de junio de 2000, 2000 T.S.P.R. 87; Landrum Mills Corp. v. Tribunal Superior, 92 D.P.R. 689 (1965). Es por ello que la Ley núm. 2, *supra*, fue diseñada para favorecer más al obrero que al patrono, sin privarle a este último su derecho a defenderse adecuadamente. Rivera Rivera, *supra*.

En vista del mencionado juicio legislativo, y en reconocimiento del carácter reparador de esta Ley, este Tribunal ha favorecido la adjudicación rápida de estas reclamaciones en beneficio de la clase trabajadora. Rodríguez Aguiar v. Syntex, res. el 21 de junio de 1999, 99 TSPR 97. Además, hemos reiterado que las leyes laborales, como regla general, deben ser interpretadas liberalmente para lograr su propósito y que toda duda debe resolverse a favor del obrero. Piñero González v. A.A.A., res. el 23 de octubre de 1998, 98 TSPR 141; Méndez v. Fondo del Seguro, 140 D.P.R. 375 (1996); Muñoz Hernández v. Policía de P.R., 134 D.P.R. 486 (1993).

Así también, en el pasado hemos exhibido cierto pragmatismo y flexibilidad en aras de ejercer nuestra función adjudicativa en casos instados al amparo de esta ley. *Véase* Román Cruz v. Días Rifas, 113 D.P.R. 500, 505 (1982); Valentín v. Housing Promoters, *supra*; Secretario del Trabajo v. J.C. Penney, 119 D.P.R. 660 (1987) ("No hay duda de que no procede una interpretación inflexible de las disposiciones de la citada Ley").

Por ello, hoy debemos interpretar las disposiciones de la Ley Núm. 2 de 1961, según enmendada, con la misma liberalidad y pragmatismo que hemos demostrado anteriormente.

### A.

La sección 3 de la Ley número 2, *supra*, 32 L.P.R.A. sec. 3120, establece en su parte pertinente que, una vez radicada una querella, el secretario del tribunal le notificará con copia de la misma al patrono y le apercibirá de su obligación de contestarla en determinado tiempo sujeto a que, de no hacerlo, se dictará sentencia en su contra concediendo el remedio solicitado por el empleado.

---

[3] Así, por ejemplo, al amparo de esta Ley un empleado puede reclamar cualesquiera derechos o beneficios laborales, así como sumas por concepto de compensación por trabajo realizado o compensaciones en caso de que hubiese sido despedido sin justa causa. Además, un obrero o empleado puede entablar una reclamación utilizando el mecanismo sumario de esta ley cuando el legislador así lo haya dispuesto expresamente al aprobar otras leyes en protección de los trabajadores. Rivera Rivera v. Insular Wire Products, 140 D.P.R. 912 (1996).

En cuanto al diligenciamiento de dicha querella, esta sección establece además que:

> [e]l alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia. Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que dispongan las Reglas de Procedimiento Civil para esos casos. Sec. 3, Ley Núm. 2, *supra*, 32 L.P.R.A. sec. 3120.

La precitada sección es crucial para la disposición de este caso. La misma establece el mecanismo que escogió el legislador para el emplazamiento del patrono querellado en aras de lograr el propósito reparador de esta Ley. Rivera v. Insular Wire, *supra*, 140 D.P.R. pág. 924. Evidentemente el legislador quiso, con esta disposición, establecer un medio rápido y eficiente a través del cual el obrero pueda notificarle a su patrono sobre su reclamación laboral.[4]

A tono con lo anterior, en Silva Recio v. Mayagüez Outboard, 105 D.P.R. 279 (1976), tuvimos la oportunidad de expresarnos sobre este mecanismo de emplazamiento. En ese caso nos enfrentamos a una impugnación de un emplazamiento realizado por un alguacil auxiliar *ad hoc* cuyo nombramiento no había sido notificado previamente al Juez Administrador como requiere la Ley núm. 112 de 12 de julio de 1960, 4 L.P.R.A. sec. 366. Al resolver que dicha falla no tornaba inválido el emplazamiento realizado, explicamos que:

> Ciertamente nos preocupa, y siempre nos ha preocupado, que la indolencia de una o de ambas partes en un litigio pueda frustrar el propósito de que se haga justicia rápida. . . . No podemos permitir que el juego de los tecnicismos le niegue [al obrero] su día en corte.
>
> . . . Bajo el procedimiento sumario de la Ley de 1961 citada, **la orden de citación es válida si es diligenciada** "en la persona que en cualquier forma represente [al] querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia." Silva Recio, *supra*, pág 283-84 (énfasis suplido).

Por lo tanto, en Silva Recio, *supra*, sostuvimos la validez del emplazamiento allí realizado toda vez que se emplazó, en ese caso, al contable y luego al presidente de la entidad querellada. Resolvimos en Silva que, **una vez se emplaza a dicha entidad en la persona que de cualquier forma represente al querellado en el lugar de trabajo,** el incumplimiento con otros requisitos, como la falta de notificación del nombramiento del

---

[4] El Informe de la Comisión de Trabajo sobre el P. del S. 194 a la Cámara de Representantes, 14 Diario de Sesiones, Sesión Extraordinaria, pág. 49 (8 de agosto de 1961), al explicar algunas de las diferencias entre la Ley anterior (Ley Núm. 10 de 1917) y la de 1961 expuso que "[l]a Ley actual permite que se emplace al querellado a través de cualquier persona que lo represente en la fábrica, taller, establecimiento, finca o sitio en que se realice el trabajo. La enmienda introducida *tiende a facilitar* el diligenciamiento del emplazamiento permitiendo que se le pueda emplazar también a través de cualquier persona en su oficina o residencia" (énfasis suplido).

alguacil *ad hoc*, no constituye un "obstáculo infranqueable para la validez del emplazamiento". *Id.* Pág. 284.[5]

Por todo lo anterior, estamos convencidos de que el patrono de León García fue emplazado adecuadamente y conforme a derecho. Ratificamos lo expresado en Silva, *supra*, pues entendemos que, para efectos de esta disposición, un tribunal adquiere jurisdicción tan pronto se notifica a la persona que está a cargo del negocio. Sencillamente, es la manera más certera que tiene el trabajador de garantizar que su patrono conozca de su reclamo.

Surge de los autos de este caso que el emplazamiento se diligenció en la persona de Alicia Fernández quien es la administradora del Restaurante el Tropical en el local donde trabajaba el querellante. *Véase* Sentencia Parcial, 19 de diciembre de 1997. Por lo tanto, entendemos sin ambages que actuó correctamente el foro de instancia al resolver que fue notificado adecuadamente el patrono de León García a través de su administradora.

B.

Por otra parte, debe aclararse que el emplazamiento de la querella en este caso cumplió, no sólo con la disposición pertinente de la Ley Núm. 2, sino que también, contrario a lo que sostiene el patrono, estuvo en sintonía con los principios básicos del debido proceso de ley y con nuestras Reglas de Procedimiento Civil.

Como se sabe, para que un tribunal tenga jurisdicción sobre la persona de un demandado, el debido proceso de ley requiere que se le notifique adecuadamente sobre la reclamación que hay en su contra y que, además, se le brinde la oportunidad de ser oído antes de que se adjudiquen sus derechos. Industrial Siderúrgica v. Thyssen, 114 D.P.R. 584 (1983). El mecanismo para cumplir con esta exigencia constitucional es el emplazamiento, siendo el diligenciamiento personal el más adecuado. Rodríguez Nasrallah, 118 D.P.R. 93 (1986).

En cuanto al emplazamiento de una corporación, para dar a esta entidad una notificación de la reclamación en su contra, es suficiente que se diligencie el mismo en la persona de un **oficial** o **director** de la corporación. *Véase* Regla 4.4(e) Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.4(e); Artículo 12.01 Ley General de Corporaciones de 1995, 14 L.P.R.A. sec. 3126(a).

Ahora bien, la validez de esta notificación no queda en modo alguno amainada por el mero hecho de que en el epígrafe del emplazamiento se indique imperfectamente el nombre del demandado. Esto, claro está, siempre y cuando pueda razonablemente concluirse que

---

[5] Debe notarse que recientemente, en Almodóvar Marchany v. Econo Tire Distributors, res. el 14 de octubre de 1998, 98 TSPR 134, se planteó ante este Tribunal una controversia similar a la presente. Sin embargo, en esa ocasión no atendimos el asunto aquí discutido por haberse presentado la moción de relevo de sentencia después de haberse expirado el término reglamentario para ello.

la persona demandada fue realmente notificada de la reclamación en su contra y no se perjudiquen sustancialmente sus derechos esenciales. *Véase* R. 4.9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.9. Así por ejemplo, en Colón Gandía v. Tribunal, 93 D.P.R. 255 (1966), resolvimos que los tribunales pueden, discrecionalmente, ordenar que se enmiende un emplazamiento cuando se trata de situaciones en que se ha consignado en forma inapropiada el nombre de la persona que realmente se desea demandar. Se trata de un mero error técnico que no debe tener mayor consecuencia **"especialmente si se ha emplazado en realidad a la persona que se tiene interés en demandar o su agente autorizado al respecto."** Colón Gandía, *supra*, pág. 231 (énfasis suplido).

Este acercamiento menos formalista, además de ser el más justo, es un reflejo de la tendencia liberal que impera en esta materia. Así lo han expresado varios tribunales y tratadistas:

> Further evidence of the shift away from formalism in the notice-giving process is the fact that the federal courts generally take a permissive attitude toward the mechanism employed for service of process when defendant actually receives notice. Wright and Miller, Federal Practice and Procedure, sec. 1074, pág. 460 (1987). *Véanse además*, Kitchens v. Bryan County, 825 F.2d 248, 256; Nowell v. Nowell, 384 F.2d 951, 953 (1967).

En el presente caso, el patrono de León García fue adecuadamente notificado de esta reclamación según los antedichos principios. Aunque Fernández ha argumentado ante los tribunales que el verdadero patrono del querellante no es la corporación Restaurant Tropical, Inc., sino que es otra corporación de nombre F. R. & S. Corp. h/n/c Restaurant Tropical, lo cierto es que ella, la persona emplazada, es directora y oficial (Secretaria) de ambas corporaciones. El hecho de que en el epígrafe del emplazamiento se haya consignado el nombre de "Restaurant Tropical", no altera esta realidad de tan esencial importancia. Por tanto, no nos cabe duda de que el patrono querellado, ya sea Restaurant Tropical, Inc. o F. R. & S. Corp. h/n/c Restaurant Tropical, estuvo muy enterado de la querella desde el momento de su diligenciamiento, a través de uno de los oficiales que para ello autorizan las Reglas de Procedimiento Civil y, aun así, optó por comparecer al Tribunal fuera del término estatutario en un claro intento de evadir su jurisdicción.

Debemos enfatizar en este punto, además, que este Tribunal no debe tolerar los esfuerzos y artimañas de patronos inescrupulosos para evadir la jurisdicción de los tribunales cuando evidentemente no proceda. Nuestro deber principal es impartir justicia y no dejarnos llevar por tecnicismos.

> Creemos que ya es tiempo de que los litigantes se den cuenta de que este Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos (citas omitidas). Hace tiempo que los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. Ninguna parte en un procedimiento tiene un interés en los errores gramaticales y de procedimiento incurridos por su adversario. Serra v. Autoridad de Transporte, 68 D.P.R. 626, 629-30 (1948).

Resuelto pues que el emplazamiento diligenciado fue suficiente para notificar al patrono de León García sobre la presente reclamación, corresponde entonces determinar si actuó correctamente el foro de instancia al dictar la sentencia en rebeldía.

III.

La ya citada sección 3 de la Ley núm. 2, *supra*, establece lo pertinente al término en que un querellado debe contestar una reclamación bajo el procedimiento sumario:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, **apercibiéndole que deberá radicar su contestación por escrito**, . . . dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, . . . **y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada**, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, **en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar**. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga. (énfasis suplido) 32 L.P.R.A. 3120.

Conforme esta sección, si el querellado no contesta la reclamación en el término prescrito o si en dicho tiempo no solicita una prórroga mediante la radicación de una moción jurada que exponga una causa justificada para ello, un tribunal deberá dictar sentencia en su contra concediendo el remedio solicitado.

Salvo ciertas circunstancias, los tribunales de instancia deben cumplir con el procedimiento sumario de la ley y no pueden conceder prórrogas a no ser que se cumplan los mencionados requisitos. Ruiz Rivas v. Colegio San Agustín, res. el 5 de octubre de 2000, 2000 TSPR 146; Valentín v. Housing, *supra*; Mercado Cintrón v. Zeta Communications, Inc., *supra*; Díaz v. Hotel Miramar, *supra*. Como excepción, un tribunal puede conceder *motu proprio*, discrecionalmente, una prórroga cuando del mismo expediente surgen las causas que justifican una dilación. Valentín v. Housing, *supra*.[6]

En el presente caso no están presente ningunas de las anteriores circunstancias. La parte querellada fue notificada de la reclamación instada y se le apercibió sobre el término que tenía para comparecer así como las consecuencias de no hacerlo. A pesar de ello, no solicitó prórroga para contestar según establecido por la ley. Tampoco surge del expediente causa que justifique la concesión de una extensión del término para contestar. Aun así, y a pesar de su obligación legal de contestar oportunamente la querella, el patrono optó por no comparecer a tiempo. Por lo tanto, una vez el querellante solicitó la anotación de rebeldía, el Tribunal de Primera Instancia podía, y así lo hizo, dictar sentencia en contra de la debidamente emplazada querellada "concediendo el remedio solicitado, sin más citarle ni oírle". 32 L.P.R.A. sec. 3120.

---

[6] En Valentín, *supra*, se reconoció esta excepción pues el querellado realmente contestó diligentemente dentro del término de 10 días pero su contestación fue devuelta por una interpretación equívoca de la cantidad de sellos que le correspondía cancelar.

IV.

En su segundo señalamiento de error argumenta la parte querellada que las alegaciones según esbozadas en la querella no justifican la concesión de un remedio, razón por la cual tampoco procedía que el foro de instancia dictara la sentencia parcial en rebeldía que impugna. No tiene razón.

Sabido es que nuestro ordenamiento procesal le brinda gran flexibilidad a las partes para que planteen sus reclamaciones ante el foro judicial. Las alegaciones tienen como objetivo meramente informar a la parte contraria, en anchas pinceladas, las reclamaciones lanzadas en su contra de tal forma que pueda comparecer a defenderse si lo desea. Rivera v. Insular Wire, *supra*; Rafael Hernández Colón, Derecho Procesal Civil, sec. 2202, págs. 176-77 (1997). Con relación a las alegaciones en una demanda o querella, éstas deben ser sucintas y sencillas, y han de ser interpretadas de forma conjunta, siempre liberalmente a favor del demandante o querellante. Rivera v. Insular Wire, *supra*; Hernández Colón, *supra*, sec. 2401, pág. 183.

Ahora bien, al dictarse una sentencia en rebeldía como en el presente caso, se entiende que el demandado ha aceptado todas y cada una de las "materias bien alegadas en la demanda [o querella]". Continental v. Isleta Marina, 106 D.P.R. 809, 815 (1978). Esto es, en el contexto de la rebeldía procesal, se entienden admitidos únicamente los hechos correctamente alegados y no así las alegaciones meramente conclusorias, ni conclusiones de derecho. *Id.*

En el presente caso, la querella instada por León García estableció hechos que correctamente alegan los elementos necesarios para establecer un caso *prima facie* de discrimen por edad bajo la Ley Núm. 100 de 30 de junio de 1959, *supra*,[7] y de despido injustificado bajo la Ley Núm. 80 del 30 de mayo de 1956, *supra*.

En dicha querella, se alega, *inter alias*, que el querellante fue contratado por tiempo indeterminado como empleado permanente en el local de la querellada hasta el 7 de noviembre de 1997, fecha en que fue despedido sin justa causa; que cuenta con más de veinte (20) años de experiencia en la industria de restaurantes y que nunca fue tan siquiera amonestado por el querellado por la manera y eficiencia en que llevaba a cabo

---

[7] El Artículo 3 de la Ley Núm. 100, *supra*, establece que:
> Se presumirá que cualquiera de los actos mencionados en las secciones precedentes fueron cometidos en violación de las secs. 146 a 151 de este título, cuando los mismos hayan sido realizados sin justa causa. Esta presunción será de carácter controvertible. 29 L.P.R.A. sec. 148.

Para activar esta presunción de discrimen, nuestro estatuto exige que el despido haya sido realizado sin justa causa. A los efectos de determinar lo que constituye justa causa bajo este artículo, los parámetros establecidos por la Ley sobre Despidos Ilegales (Ley Núm. 80, 29 L.P.R.A. sec. 185b) en su Artículo 2, resultan orientadores. *Véase*, Ibañez v. Molinos, *supra*, pág. 56 y nota al calce núm. 2. En particular, es injustificado un despido cuya causa no esté "relacionada con el buen y normal funcionamiento del establecimiento" 29 L.P.R.A. sec. 185b.

sus labores; que al momento de su despido el querellante tenía sesenta y seis (66) años de edad, siendo esta la exclusiva razón por la cual el patrono prescindió de sus servicios; y que inmediatamente después de ser despedido, la parte querellada le reemplazó por otro empleado más joven, circunstancias todas que le causaron daños y angustias mentales. En la referida querella el querellante, además, amparó sus reclamos en las Leyes Núms. 100 y 80, *supra*.[8]

Decididamente, las alegaciones presentadas en la querella distan mucho de ser meramente conclusorias. Las mismas contienen aseveraciones de hechos específicas que presentan, pues, las materias bien alegadas de tal forma que cumplen con el liberal objetivo de informar al querellado adecuadamente de la reclamación en su contra y de brindarle la oportunidad de defenderse en el foro judicial. Por tratarse de hechos correctamente alegados, los mismos se entienden aceptados por la querellada al momento de anotarse su rebeldía. Por tanto, es improcedente el argumento que a este respecto nos planteara esa parte.

V.

Por todos los fundamentos anteriores, se confirma la Resolución del 31 de marzo de 1998 dictada por el Tribunal de Circuito de Apelaciones así como la Sentencia parcial final dictada en rebeldía que emitió el Tribunal de Primera Instancia el 19 de diciembre de 1997. Asimismo, se devuelve el caso al foro de instancia con el fin de que celebre una vista para adjudicar la cuantía de daños reclamados. Además, en dicha vista, el Tribunal de Primera Instancia debe dilucidar cuál es el nombre correcto del patrono que fue adecuadamente emplazado para proceder a enmendar, *nunc pro tunc*, el epígrafe de la sentencia y así poder ejecutarla en su contra.[9]

---

[8] Petición de Certiorari, Apéndice. págs. 16–17.

[9] Independientemente de la facultad que la Regla 49.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.1, le otorga a los tribunales para corregir **en cualquier momento** los errores de forma en una sentencia, dicha autoridad es, además, un poder inherente de los tribunales. Security Insurance Co. v. Tribunal, 101 D.P.R. 191 (1973). Se ha entendido que un error de forma comprende cálculos matemáticos, fechas, edades y **nombres**, entre otros. Véase 11 Wright & Miller, Federal Practice and Procedure, sec. 2854, pág. 244–45 (1995); José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, pág. 781 (2000). Véase, PacifiCorp v. Hansen, 161 F.R.D. 285 (S.D.N.Y., 1995) (bajo la Regla Federal 60(a) de Procedimiento Civil –equivalente a nuestra Regla 49.1– procede corregir una sentencia dictada en rebeldía contra una coporación cuando el nombre en la demanda y en el epígrafe de la sentencia reflejaba el nombre comercial de la demandada que había sido correctamente emplazada. "If a plaintiff sues and intends to sue a particular person or entity, Rule 60 is an appropriate vehicle through which to correct an inadvertent error in the name of the defendant", Id., pág. 288).
Toda vez que el demandado fue debidamente emplazado y recibió un aviso adecuado de la reclamación, el error en el nombre del epígrafe es un error de forma. Es decir, en lo sustantivo, el Tribunal de Primera Instancia adquirió efectivamente jurisdicción sobre el patrono querellado y la corrección de su nombre no alterará esta realidad.

Se dictará la Sentencia correspondiente.


Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Francisco León García

  Recurrido

    v.                                    CC-1998-481        Certiorari

Restaurante El Tropical

  Peticionario


SENTENCIA

San Juan, Puerto Rico, a 7 de junio de 2001.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se confirma la Resolución del 31 de marzo de 1998 dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López hace constar que aun cuando está conforme, en términos generales, con las partes I y II de la Opinión, disiente de las partes III y IV de la misma. El Juez Asociado señor Rivera Pérez emitió Opinión Disidente a la que se une el Juez Asociado señor Corrada del Río.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

FRANCISCO LEÓN GARCÍA

    Recurrido

                             CC-98-481          Certiorari

       v.

RESTAURANTE EL TROPICAL

    Peticionario

Opinión Disidente emitida por el Juez Asociado señor Rivera Pérez, a la cual se une el Juez Asociado Corrada del Río.

San Juan, Puerto Rico, a 7 de junio de 2001.

El presente recurso plantea ante nos la improcedencia de una resolución emitida por el Tribunal de Circuito de Apelaciones, denegando la expedición del auto de <u>certiorari</u> solicitado para revisar una sentencia parcial final dictada en rebeldía por el Tribunal de Primera Instancia. Dicha sentencia fue emitida por este último bajo el procedimiento sumario contemplado por nuestro ordenamiento jurídico para las reclamaciones laborales. Sostiene la parte aquí peticionaria, que no se podía emitir tal dictamen en rebeldía por el Tribunal de Primera Instancia sin la previa celebración de una vista, por existir un conflicto sobre la identidad de la persona del patrono del

querellante. Arguye, que ese Tribunal tenía la obligación, dadas las circunstancias particulares de este caso, de celebrar tal vista, para permitirle a las partes presentar prueba sobre cuál era el ente corporativo que tenía el carácter de patrono del querellante y, por ende, constituía la parte querellada. Arguye, además, que tal curso de acción era necesario e indispensable, por perjudicarse sustancialmente los derechos esenciales de la parte contra quien se diligenció el emplazamiento.

Por su parte, el querellante, aquí recurrido, arguye, entre otras cosas, que el ente corporativo que alega la persona sobre la cual se diligenció el emplazamiento es patrono del primero, podría estar utilizando como su álter ego al ente corporativo emplazado.

La mayoría resuelve el asunto ante nos confirmando la resolución emitida por el Tribunal de Circuito de Apelaciones y la sentencia en rebeldía dictada por el Tribunal de Primera Instancia. Devuelve el presente caso a este último foro, con el fin de que celebre una vista para que, entre otras cosas, dilucide cuál es el nombre correcto del patrono, que concluye fue adecuadamente emplazado, y para que proceda a enmendar nunc pro tunc el epígrafe de la referida sentencia, incluyendo el nombre del patrono querellado. Le intima que, una vez concluido tal procedimiento, puede ejecutar la misma sobre esa persona. DISENTIMOS.


I

El 21 de noviembre de 1997, el señor Francisco León García instó querella sobre despido injustificado, discrimen por razón de edad y daños y perjuicios contra el Restaurant Tropical, acogiéndose al procedimiento sumario que provee la Ley Núm. 2 de 17 de octubre de 1961, según enmendada.[10] En la misma, alegó que laboraba para la referida parte querellada, corporación organizada **conforme a las leyes de Puerto Rico**, como capitán de meseros del 1 de septiembre de 1997 hasta el 7 de noviembre de 1997, fecha en que fue despedido sin que mediara justa causa. Que el salario más alto devengado por él fue de mil doscientos noventa y nueve dólares mensuales ($1,299). Que fue discriminado en el empleo por el mero hecho de tener sesenta y seis (66) años de edad, en violación a la Ley Núm. 100 del 30 de junio de 1959, según enmendada.[11] Que tras su despido la parte querellada lo reemplazó por otro empleado más joven. Reclamó la cantidad de mil doscientos noventa y nueve dólares ($1,299) por despido injustificado, al amparo de la Ley Núm. 80 de 30 de marzo de 1976,[12] y de una suma no menor de cien mil dólares ($100,000) por concepto de daños y perjuicios por discrimen por edad, al amparo

---

[10] 32 L.P.R.A. sec. 3118 et seq.

[11] 29 L.P.R.A. sec. 146 et seq.

[12] 29 L.P.R.A. sec. 185a et seq.

de la Ley Núm. 100, supra. Reclamó, además, la reinstalación en su empleo, salarios dejados de percibir, más costas y honorarios de abogado.[13]

El 21 de noviembre de 1997, se expidió la orden de citación y emplazamiento. Ese mismo día, a las 10:35 de la mañana, se diligenció el emplazamiento al Restaurant Tropical, a través de la señora Alicia Fernández, persona encargada de la administración del restaurante ubicado en el local 4 y 5 del Edificio Borinquen Towers Núm. 1, Puerto Nuevo, San Juan, Puerto Rico. En dicho emplazamiento se le apercibió a la parte querellada que, conforme a lo dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, supra, debía presentar la correspondiente contestación a la querella dentro del término de los diez (10) días siguientes a la notificación de la misma; y que de no hacerlo se dictaría sentencia en su contra, sin más citarle ni oírle. La parte querellada fue emplazada en la misma región judicial que se instó la querella.[14]

El 2 de diciembre de 1997, un día después de expirado el término dispuesto para contestar la querella, la señora Fernández y/o Restaurant Tropical, presentó un escrito ante el Tribunal de Primera Instancia sobre comparecencia especial, **sin someterse a la jurisdicción del tribunal**, impugnando la validez del emplazamiento. En dicho escrito los comparecientes aceptaron haber recibido el emplazamiento. No obstante, negaron que la señora Fernández fuera la propietaria del Restaurant El Tropical, y la existencia de ente corporativo alguno bajo dicho nombre. Basado en esto último, afirmaron que cualquier reclamación tramitada a nombre de Restaurant Tropical era improcedente en derecho, ya que éste no cuenta con personalidad jurídica para demandar o ser demandado.[15]

Mediante orden notificada el 8 de diciembre de 1997, el Tribunal de Primera Instancia le requirió al querellante expresarse en cuanto al escrito presentado por la señora Alicia Fernández y/o Restaurant Tropical.[16]

Por su parte, el querellante solicitó la anotación de rebeldía de la parte querellada, por no haber contestado la querella dentro del término establecido por ley, y que se dictara sentencia a tales efectos.[17]

Cumpliendo con lo ordenado, el 10 de diciembre de 1997, la querellante presentó una réplica alegando, en esencia, que, conforme al Registro de Corporaciones del Departamento de Estado, el Restaurant El Tropical, Inc. es una corporación con fines de lucro, organizada bajo las leyes del Estado Libre Asociado de Puerto Rico desde el 13 de diciembre de 1991, con oficinas principales en el lugar indicado en la querella.

---

[13] Apéndice IV del recurso de certiorari, págs. 16-17.

[14] Apéndice V, Íd., págs. 18-19.

[15] Apéndice VI, Íd., págs. 20-21.

[16] Apéndice VII, Íd., pág. 22.

[17] Apéndice VIII, Íd., págs. 23-24.

Que según el Informe Anual de dicha corporación del 16 de abril de 1996, la señora Fernández, a quien se emplazó como administradora, es directora, oficial y secretaria de la referida corporación. El querellante acompañó con su escrito documentación acreditativa de ello, expedida por el Departamento de Estado.[18]

Con fecha del 22 de diciembre de 1997, la señora Alicia Fernández y/o Restaurant Tropical presentaron una dúplica a la réplica antes indicada. Arguyó, que la parte querellante de autos, señor Francisco León García, "con quien trabajó fue para el patrono F.R. & S. Corporation h/n/c Restaurant Tropical que ubica en el centro comercial Borinquen Towers, Edificio núm. 2, local 17, Caparra Heights, Avenida F.D. Roosevelt núm. 1420, San Juan, Puerto Rico". Alegó, que si alguna reclamación tenía la parte querellante de autos, como resultado de los hechos a que se refiere su querella, es contra F.R. & S. Corporation, a quien debe traer al pleito y emplazarlo de conformidad al debido proceso de ley.[19]

El 19 de diciembre de 1997, el Tribunal de Primera Instancia dictó sentencia parcial final en rebeldía, archivada en autos copia de su notificación el 22 de diciembre de 1997, condenando a Restaurant Tropical a reinstalar en su puesto al querellante y pagarle todos los salarios dejados de percibir, a razón de mil doscientos noventa y nueve dólares ($1,299) mensuales, desde el 7 de noviembre de 1997 hasta su reinstalación, la mesada montante a mil doscientos noventa y nueve dólares ($1,299) y la cantidad de mil dólares ($1,000) en concepto de honorarios de abogado. Concluyó, que la parte querellante ante sí estableció un caso de despido injustificado, y prima facie por discrimen, por estar capacitado para ocupar el puesto, haber sido sustituido por un empleado mucho más joven que él, y que el despido se efectuó sin razón alguna, debido a su edad. Al así resolver, dicho foro determinó que, conforme a la sección 3 de la Ley Núm. 2 del 17 de octubre de 1961,[20] se adquiere jurisdicción tan pronto se notifica a la persona que se encuentre a cargo del negocio. Indicó dicho Tribunal, que en el caso de autos la parte quedó informada de la existencia de la reclamación en su contra y, a pesar de esto, no se defendió. Dicho Foro dejó pendiente la celebración de la vista de daños, hasta que su sentencia parcial en rebeldía adviniera final y firme.[21]

Inconforme con dicho dictamen parcial del Tribunal de Primera Instancia, la señora Fernández y/o Restaurant Tropical acudieron mediante recurso de certiorari ante el Tribunal de Circuito de Apelaciones el 2 de enero de 1998. En esencia, adujeron que incidió el Tribunal de Primera Instancia al dictar una sentencia en rebeldía contra una

---

[18] Apéndice X, Íd., págs. 26-36.

[19] Apéndice XI, Íd., págs. 37-38.

[20] 32 L.P.R.A. sec. 3120.

[21] Apéndice XII del recurso de certiorari, págs. 39-42.

entidad que no tiene capacidad jurídica, basada en alegaciones que no justifican la concesión de un remedio.[22]

Contando con la oposición de la parte querellante,[23] el Tribunal de Circuito de Apelaciones emitió resolución el 31 de marzo de 1998, archivada en autos copia de su notificación el 28 de abril de 1998, denegando el auto solicitado.  Dicho Tribunal determinó que quedó evidenciada la existencia de la corporación Restaurant El Tropical, Inc., y que al no haber denominado a dicho negocio en el epígrafe del caso como una corporación, fue un mero error técnico que quedó subsanado al así establecerlo en el contenido de la querella.  Concluyó, que la querella de autos es válida y suficientemente específica para establecer un caso de despido injustificado, y prima facie por discrimen, que justificaba el que se dictara por el Tribunal de Primera Instancia sentencia en rebeldía.[24]  Oportunamente, el 28 de abril de 1998, la parte querellada presentó moción de reconsideración ante el Tribunal de Circuito de Apelaciones.[25]  En dicha moción de reconsideración la parte aquí peticionaria le señaló al Tribunal de Circuito de Apelaciones, que el ente corporativo puesto bajo la jurisdicción del Tribunal de Primera Instancia, por el diligenciamiento del emplazamiento, no era el patrono del querellante. Le hizo referencia a lo dispuesto en la Regla 4.9 de Procedimiento Civil sobre el procedimiento a seguirse en esos casos.[26]  Dicha solicitud fue denegada mediante resolución dictada el 5 de mayo de 1998, archivada en autos copia de su notificación el 12 de mayo de 1998.[27]

De dicha resolución acude ante nos la parte querellada, señalando como errores cometidos por el Tribunal de Circuito de Apelaciones los siguientes:

### PRIMER ERROR

Cometió error el Tribunal de Circuito de Apelaciones al concluir que constituía un mero error de forma que en el epígrafe del caso no se hubiera identificado a la parte querellada como una corporación, que se trataba de una situación en que se había designado de forma inapropiada el nombre de la parte que se deseaba demandar, que ello era susceptible de enmienda para ajustarlo a la realidad, que existe una corporación de nombre Restaurant Tropical, Inc., [sic] sin considerar que en realidad la querella fue instada contra un ente sin capacidad procesal alguna, con quien el querellante-recurrido no tuvo relación contractual alguna.

### SEGUNDO ERROR

---

[22] Apéndice XIII, Íd., págs. 43-81.

[23] Apéndice XIV, Íd., págs. 82-199.

[24] Apéndice I, Íd., págs. 1-7.

[25] Apéndice II, Íd., págs. 8-13.

[26] 32 L.P.R.A. Ap. IV, R. 4.9.

[27] Apéndice III del recurso de certiorari, págs. 14-15.

Incidió el Tribunal de Circuito de Apelaciones al resolver que procedía dictar sentencia a pesar de que las alegaciones de la querella no justificaban la concesión de un remedio.

II

La sección 3 de la Ley Núm. 2, _supra_, dispone lo siguiente:

El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.

**El alguacil o una persona particular diligenciará la notificación del secretario del tribunal al querellado. Si no se encontrare al querellado, se diligenciará la orden en la persona que en cualquier forma represente a dicho querellado en la fábrica, taller, establecimiento, finca o sitio en que se realizó el trabajo que dio origen a la reclamación o en su oficina o residencia.** Si el querellado no pudiere ser emplazado en la forma antes dispuesta se hará su citación de acuerdo con lo que dispongan las Reglas de Procedimiento Civil para esos casos. (Énfasis nuestro.)

El querellado deberá hacer una sola alegación responsiva en la cual deberá incluir todas sus defensas y objeciones, entendiéndose que renuncia a todas las defensas u objeciones que no incluya en dicha alegación responsiva.

**En los casos que se tramiten con arreglo a las secs. 3118 a 3132 de este título, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por las secs. 3118 a 3132 de este título;** [d]isponiéndose en relación con los medios de descubrimiento anteriores al juicio autorizados por las Reglas de Procedimiento Civil, que la parte querellada no podrá usarlos para obtener información que debe figurar en las constancias, nóminas, listas de jornales y demás récords que los patronos vienen obligados a conservar en virtud de las disposiciones de las secs. 245 _et seq_. del Título 29 y los reglamentos promulgados al amparo de las mismas excepto cualquier declaración prestada o documento sometido por la parte querellante en cualquier acción judicial; y que ninguna de las partes podrá someter más de un interrogatorio o deposición ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio, ni someterle un interrogatorio después que le haya tomado una deposición, excepto que medien circunstancias excepcionales que a juicio del tribunal justifiquen la concesión de otro interrogatorio u otra deposición. No se permitirá la toma de deposición a los testigos sin la autorización del tribunal, previa determinación de la necesidad de utilizar dicho procedimiento. (Énfasis nuestro.)

La información obtenida por el Secretario del Trabajo y Recursos Humanos o por sus agentes debidamente autorizados en el curso de las investigaciones practicadas en el ejercicio de las facultades concedidas en las secs. 245 _et seq_. del Título 29 y en las secs. 304 _et seq_. del Título 3 será de carácter privilegiado y confidencial y sólo podrá ser divulgada mediante la autorización del Secretario del Trabajo y Recursos Humanos.

En ningún caso que se tramite al amparo de las secs. 3118 a 3132 de este título podrá contrademandarse o reconvenirse al obrero o empleado querellante por concepto alguno.

La sección 4 de la Ley Núm. 2 del 17 de octubre de 1961,[28] dispone lo siguiente:

Si el querellado radicara su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 de este título, el juicio se celebrará sin sujeción a calendario a instancias del querellante, previa notificación al querellado.

Si el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 de este título, el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. En este caso dicha sentencia será final y de la misma no podrá apelarse;... (Énfasis nuestro.)

En el caso de autos, y ante el Tribunal de Primera Instancia, se produjo una controversia entre las partes sobre quién era la persona jurídica que realmente era el patrono del querellante de autos. De un lado la parte querellante produjo evidencia documental expedida por la oficina a cargo del Registro de Corporaciones adscrita al Departamento de Estado de Puerto Rico, a los efectos de la existencia de un ente corporativo con número de registro 79,754 de nombre Restaurant El Tropical, Inc. Del Certificado de Incorporación de dicho ente corporativo, párrafo segundo, surge lo siguiente:

Que la oficina de la corporación en el Estado Libre Asociado de Puerto Rico estará localizada en el Centro Comercial Borinquen Towers Edificio #2 local 17, Caparra Heights, Puerto Rico 00920. Avenida F.D. Roosevelt No. 1440, en el Municipio de San Juan, Puerto Rico.

La parte querellante de autos le hizo saber al Tribunal de Primera Instancia que su patrono "se ha dado a conocer mediante sus propios anuncios publicitarios como Restaurant Tropical y en la actualidad opera dos (2) restaurantes, ambos bajo el nombre de Restaurant Tropical. Uno de éstos localizado en el Centro Comercial Las Vistas Shopping Village, Avenida Las Cumbres, Urbanización Los Paseos en Río Piedras y el otro localizado en la Avenida Roosevelt, en el centro comercial Borinquen Towers en Caparra Heights, donde trabajaba el querellante del presente caso". **No obstante, esa parte le expresó al Tribunal de Primera Instancia, que en el último informe anual de corporaciones radicado por Restaurant El Tropical, Inc. el 16 de abril de 1996, correspondiente al año 1995, en la Oficina de Radicación de Documentos del Departamento de Estado, indicó que su oficina estaba localizada en Las Vistas Shopping Village, Avenida Las Cumbres, Río Piedras, Puerto Rico, 00926. Arguyó que dicho cambio de dirección de la oficina no debe ser considerado a los efectos de la controversia de autos, ya que Restaurant El Tropical, Inc. no cumplió con los requisitos de ley para realizar tal cambio.[29] Que debe ser considerada como la dirección de la oficina de Restaurant El Tropical, Inc., la que aparece en su Certificado de Incorporación, lugar donde alegadamente fue emplazada la señora Alicia Fernández, quien según consta en el referido informe anual de corporaciones es directora, oficial y secretaria de dicho ente corporativo. Arguyó,**

---

[28] 32 L.P.R.A. sec. 3121.

[29] Hizo referencia a lo dispuesto por los Artículos 3.03 y 3.04 (a) de la Ley General de Corporaciones de 1995, 14 L.P.R.A. secs. 2683 y 2684 (a).

además, que la señora Fernández es la administradora de Restaurant El Tropical, Inc.; que trabajaba diariamente en el local donde él laboró, según ella misma alegadamente se lo expresó al emplazador y éste lo hizo constar en el emplazamiento.[30]

La señora Alicia Fernández arguyó ante el Tribunal de Primera Instancia, que el querellante de autos, señor Francisco León García, trabajó con el ente corporativo F.R. & S. Corporation h/n/c Restaurant Tropical, que tiene una operación de negocios en el centro comercial Borinquen Towers, Edificio núm. 2, Local 17, Caparra Heights, Avenida F.D. Roosevelt número 1420, San Juan, Puerto Rico. Alegó, que el querellante de autos nunca ha trabajado para Restaurant El Tropical, Inc.

La parte aquí recurrida arguye en su alegato ante este Tribunal, que de los expedientes del Departamento de Estado de Puerto Rico surge que F.R. & S. Corporation, con número de registro 64,994, tiene la misma dirección de oficina que la que alegadamente tiene el Restaurant El Tropical, Inc., y que la señora Alicia Fernández es directora, oficial y secretaria de ambos entes corporativos.[31] Aduce, que el Restaurant El Tropical, Inc. podría ser el álter ego corporativo de F.R. & S. Corporation, o viceversa, lo que da al traste con todas las alegaciones hechas hasta el presente por la parte querellada de autos, aquí peticionaria.

Hemos advertido, que si bien la dirección de la oficina de Restaurant El Tropical, Inc. es alegadamente Centro Comercial Borinquen Towers núm. 2, Local 17, Avenida F.D. Roosevelt núm. 1440, Caparra Heights, Puerto Rico, el diligenciamiento del emplazamiento fue realizado sobre la señora Alicia Fernández, como administradora de Restaurant Tropical, ubicado en la dirección siguiente: Borinquen Towers núm. 1, Local 4 y 5, Puerto Nuevo, San Juan, Puerto Rico.

De nuestro expediente no surge prueba documental alguna para apoyar la conclusión que el Tribunal de Circuito de Apelaciones sostiene se desprende de la sentencia dictada por el Tribunal de Primera Instancia, a los efectos de que Restaurant El Tropical, Inc. era el patrono del querellante de autos, señor León García. No surge, además, que se hubiera celebrado ante ese Tribunal una vista evidenciaria para permitirle probar a las partes sus alegaciones dentro de la controversia ya mencionada.

La sección 3 de la Ley Núm. 2, supra, dispone que, en los casos tramitados bajo el procedimiento que prescribe, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de la misma o con el carácter sumario de su procedimiento.

---

[30] Del diligenciamiento del emplazamiento sólo surge que la señora Alicia Fernández era administradora de Restaurant Tropical. No surge el resto de lo expresado por la parte querellante.

[31] No surge de nuestro expediente pieza documental oficial del Departamento de Estado de Puerto Rico que evidencie tal afirmación.

La Regla 4.9 de Procedimiento Civil, *supra*, vigente actualmente, dispone lo siguiente:

> En cualquier momento a su discreción y en los términos que crea justos, el tribunal puede permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, a menos que se demuestre claramente que de así hacerlo <u>se perjudicarían sustancialmente los derechos esenciales de la parte</u> contra quien se expidió el emplazamiento. (Énfasis nuestro.)

Dicha Regla 4.9, *supra*, leía antes del 1979, año en que entró en vigor la actual, de la forma siguiente:

> En cualquier momento a su discreción y en los términos que crea justos, el tribunal puede permitir que se enmiende cualquier emplazamiento o la prueba de haberse diligenciado, a menos que <u>se demuestre claramente que de así hacerlo se perjudicarían materialmente los derechos substanciales de la parte</u> contra quien se expidió el emplazamiento. (Énfasis nuestro.)

El texto vigente de la actual Regla 4.9, *supra*, corresponde a la Regla 4.9 anterior y a la Regla 4 (h) de Procedimiento Civil Federal.[32] Se varió el lenguaje de la anterior regla que leía "se perjudicarían materialmente los derechos substanciales de la parte", para ajustarlo al que tiene la regla vigente que lee: "se perjudicarían sustancialmente los derechos esenciales de la parte...". El propósito fue mejorar su redacción.

Hemos expresado, interpretando el texto de la anterior Regla 4.9, *supra*, que los tribunales, en el uso de su discreción, podían ordenar que se enmendara un emplazamiento o citación a fin de ajustarlo a la realidad, cuando se trataba de situaciones en que se había consignado en forma inapropiada el nombre de la persona que realmente se deseaba demandar. Esas situaciones eran consideradas como meros errores técnicos, especialmente si había emplazado en realidad a la persona que se tenía interés en demandar o a su agente autorizado.[33] Se permite una enmienda bajo dicha Regla 4.9, *supra*, siempre que la misma no tenga el efecto de sustituir o incluir partes nuevas al procedimiento que no han sido emplazadas y sobre los que el tribunal no ha adquirido jurisdicción.[34] Dicha normativa jurisprudencial tiene vigencia bajo el texto de la actual regla.[35]

La ocasión más común para la realización de una enmienda bajo la Regla 4.9, *supra*, es cuando el demandante comete una equivocación o error técnico que resulta en una falla en la identificación apropiada de la persona del demandado. Un ejemplo de esto, es cuando

---

[32] Regla 4 (h) de Procedimiento Civil Federal, 28 U.S.C.A., R. 4 (h). Dicha regla lee como sigue:

> (h) Amendment. At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

[33] <u>Colón Gandía v. Tribunal Superior</u>, 93 D.P.R. 225, 231 (1966).

[34] Íd., pág. 231.

[35] <u>Reyes v. Oriental Fed. Sav. Bank</u>, 133 D.P.R. 15, 26-27 (1993).

el ente corporativo no es denominado con el nombre que se registró o sencillamente está mal escrito.[36]

En el caso de autos se trabó una controversia, sobre si la persona jurídica que se intentó demandar es la que resultó efectivamente emplazada por el diligenciamiento realizado en la persona de la señora Alicia Fernández, quien es directora, oficial y secretaria del ente corporativo registrado bajo el nombre de Restaurant El Tropical, Inc., y, además, de aquél registrado bajo el nombre de F.R. & S Corporation.  No nos presenta duda, que el señor Francisco León García intentó presentar una querella contra la persona jurídica que era su patrono.  Está controvertido, precisamente, qué ente jurídico era el dueño y operaba el establecimiento que se identificaba para propósitos comerciales como Restaurant Tropical, y en el que trabajaba el querellante de autos antes de ser despedido.  Existe un ente corporativo que registró el nombre de Restaurant El Tropical, Inc. al incorporarse, que tenía una oficina en la dirección anteriormente indicada, y que informó un cambio en la dirección de su oficina en su informe del 16 de abril de 1996 al Departamento de Estado de Puerto Rico.  De otro lado, se alega la existencia de otro ente corporativo llamado F.R. & S. Corporation; que usa el nombre comercial de Restaurant Tropical; que realiza operaciones en la dirección que mencionáramos previamente; y que afirma la señora Alicia Fernández es el patrono del querellante de autos.

El Tribunal de Primera Instancia concluyó que "alguna diferencia menor en el nombre de la corporación constituiría por su parte un error de forma sin efectos perjudiciales". Añadió, que "en cualquier momento puede enmendarse el emplazamiento a [sic] citación siempre que no afecte los derechos esenciales de las partes (Regla 4.9 de Procedimiento Civil), ya que lo importante es que el debido proceso de ley quede resguardado".  No obstante, no surge orden alguna de la sentencia de dicho Tribunal, ni de nuestro expediente, referente a la realización de alguna enmienda de forma dirigida a corregir el alegado error técnico en el nombre de la parte querellada, a pesar de que la parte querellante alegó que el verdadero nombre de la entidad emplazada, a través de la señora Alicia Fernández, era Restaurant El Tropical, Inc.

La mayoría resuelve devolver el presente caso al Tribunal de Primera Instancia, con el fin de que celebre una vista evidenciaria para adjudicar la cuantía de los daños reclamados y para dilucidar cuál es el nombre correcto del patrono que fue adecuadamente emplazado.  Le ordena a ese Tribunal que, una vez celebre la vista, proceda a enmendar, nunc pro tunc, el epígrafe de la sentencia dictada en rebeldía.  Le instruye que una vez se determine, a través de ese procedimiento, quién es el patrono querellado, se puede ejecutar la referida sentencia sobre esa persona.  Del resultado de la prueba presentada

podría concluirse por el Tribunal de Primera Instancia que el patrono es Restaurant El Tropical, Inc. o F.R. & S. Corporation h/n/c Restaurant Tropical, que son dos personas jurídicas distintas. No obstante, previa presentación de esa prueba, este Tribunal concluye que la enmienda es de forma y no sustantiva, por el hecho que la señora Alicia Fernández es oficial de ambos entes corporativos. Actúa de esa forma aún cuando la referida enmienda tendría que practicarse no sólo al emplazamiento y a la constancia de su diligenciamiento, sino que también al epígrafe de la sentencia dictada en rebeldía. Con tal curso de acción este Tribunal valida una sentencia en rebeldía emitida a tenor con la Ley Núm. 2, supra, sobre la cual existe un serio cuestionamiento sobre la jurisdicción de la persona del querellado y dictamina que es suficiente para su ejecución.

Cuando no hay duda alguna en cuanto a la intención del querellante acogido al procedimiento sumario contemplado bajo la Ley Núm. 2, supra, respecto a la persona que fue su patrono y sobre el que ha tenido el interés de presentar una causa de acción en su contra, habiéndose emplazado efectivamente a dicho querellado o a su agente autorizado al efecto, actúa correctamente el Tribunal de Primera Instancia al permitir la enmienda de forma para corregir el nombre del querellado en la citación o emplazamiento que se le diligenciara, bajo la Regla 4.8, supra, cuando media un error técnico, cuyo resultado es que no ha sido identificado apropiadamente.

La esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2, supra, constituye un procedimiento sumario que pretende la rápida disposición de los asuntos tramitados bajo su régimen.[37] Hemos insistido repetidamente en que los tribunales tienen la obligación de darle vigencia al claro mandato legislativo plasmado en la citada Ley Núm. 2, supra, de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales.[38] No obstante, hemos reconocido que en ocasiones las circunstancias particulares y especiales de algún caso requieren la flexibilidad de la aplicación de tal norma estatutaria.[39]

El ejercicio de defensas válidas por parte de un querellado en una acción bajo el procedimiento sumario contemplado en la Ley Núm. 2, supra, es una circunstancia que el Tribunal de Primera Instancia debe tomar en consideración antes de llegar a determinaciones, sin la celebración de una vista evidenciaria, que por su naturaleza conllevan consecuencias funestas para esa parte. No puede despacharse livianamente un planteamiento dirigido a la falta de jurisdicción del Tribunal de Primera Instancia sobre

---

[36] Wright & Miller, Federal Practice and Procedure: Civil 2d § 1131, pág. 354.

[37] Mercado Cintrón v. Zeta Com. Inc., 135 D.P.R. 737, 742 (1994); Srio. del Trabajo v. J.C. Penney Co. Inc., 119 D.P.R. 660 (1987); Resto Maldonado v. Galarza Rosario, 117 D.P.R. 458 (1986); Díaz v. Hotel Miramar Corp., 103 D.P.R. 314, 316 (1975).

[38] Mercado Cintrón v. Zeta Com. Inc., supra.

la persona del verdadero patrono del querellante, bajo un procedimiento de esa naturaleza. Una comparecencia especial ante el Tribunal de Primera Instancia, sin someterse a su jurisdicción, realizada por la persona a quien le fue diligenciada la citación y el emplazamiento bajo dicho procedimiento sumario, alegando que el establecimiento que administra no es el patrono del querellante, no debe despacharse por dicho Tribunal sin la celebración de una vista donde se le permita presentar evidencia al respecto, máxime cuando la parte querellante al oponerse por escrito a la misma no acompañó evidencia documental alguna que sostuviera su afirmación de que Restaurant El Tropical, Inc. era su patrono. Tal proceder podría ser violatorio de la garantía constitucional a un debido proceso de ley, por no estar acorde con nuestro pronunciamiento sobre la constitucionalidad del referido estatuto en Landrum Mills, Corp. v. Tribunal Superior.[40] Allí expresamos lo siguiente:

> [E]stá revestida de interés público, tiene ciertas disposiciones que son más favorables al obrero que al patrono, por haber sido la conclusión del estudio legislativo que no existe igualdad de medios económicos entre las partes para una adecuada defensa de sus respectivos derechos, al originarse la reclamación judicial.
>
> Examinadas las disposiciones de dicho procedimiento, en su totalidad, es evidente que le concede al patrono las oportunidades básicas de defensa que comprende el debido proceso de ley: (1) notificación de una querella, (2) citación, (3) oportunidad de contestar, **(4) vista pública, (5) oportunidad de repreguntar los testigos de la otra parte y oportunidad de presentar los testigos que han de sostener las alegaciones a su favor,** (6) y aún una oportunidad de revisión por un tribunal de mayor instancia. (Énfasis nuestro.)
>
> **No hay objeción constitucional a la limitación del proceso judicial, cuando el resto del estatuto, como es el caso del procedimiento de reclamación de salarios aquí examinado, conserva una razonable oportunidad de defensa.** (Énfasis nuestro.)

Concluimos que erró el Tribunal de Primera Instancia al anotar la rebeldía de Restaurant Tropical y dictar sentencia parcial en rebeldía en su contra, a tenor con la Ley Núm. 2, supra, sin celebrar una vista evidenciaria para atender los planteamientos que realizara la señora Alicia Fernández, bajo las circunstancias particulares de este caso. No podía concluir ese Tribunal, sin la celebración de esa vista, sobre la ausencia o presencia de un mero error técnico en el emplazamiento, así como en su diligenciamiento, que ameritara o no una enmienda bajo la Regla 4.9, supra.

No compartimos la óptica de este Tribunal, a los efectos de que la solución al dilema que nos presenta las circunstancias particulares de este caso se resuelve concluyendo que lo procedente es calificar, desde este nivel, que la enmienda a practicarse al emplazamiento, a su diligenciamiento, y al epígrafe de la sentencia, es una de forma, sin contar, por lo menos, con la previa celebración de una vista evidenciaria. Veamos.

---

[39] Román Cruz v. Díaz Rifa, 113 D.P.R. 500 (1982).
[40] 92 D.P.R. 689, 691-692 (1965).

La Regla 49.1 de Procedimiento Civil[41] dispone lo siguiente:

Los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en las mismas por inadvertencia u omisión, podrán corregirse por el tribunal en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordenare. Durante la tramitación de una apelación o un recurso de *certiorari*, podrán corregirse dichos errores antes de elevar el expediente al tribunal de apelación, y posteriormente, sólo podrán corregirse con permiso del tribunal de apelación.

¿Qué constituye un error de forma corregible por el Tribunal de Primera Instancia en cualquier tiempo?

Bajo la Regla 49.1 de Procedimiento Civil, supra, el poder del Tribunal de Primera Instancia se limita a enmendar nunc pro tunc errores atribuibles a inadvertencias u omisiones de forma. Están incluidos dentro de esta regla errores mecanográficos, sobre cálculos matemáticos, nombres erróneos, edad de una persona a ser naturalizada, la designación del año en que las contribuciones fueron impuestas y la adición de costas al procedimiento. Deben ser errores que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales.[42]

Esta regla no se puede utilizar como sustituto del recurso de apelación, ni para relevar a una parte de una sentencia. Es decir, alegados errores de derecho no pueden alterarse bajo el palio de ésta, a menos que el error de derecho constituya una circunstancia de acto ministerial y no discrecional.[43] Si el derecho a cierto remedio está claramente sostenido por el récord, la omisión de concederlo es subsanable, mediante una enmienda nunc pro tunc, por ser un error de forma.[44]

La enmienda nunc pro tunc se practica sólo para corregir errores de forma que también se denominan como clericales. Si el cambio que se persigue es sustantivo por naturaleza no debe ser corregido mediante una enmienda nunc pro tunc. El recurso que contempla la Regla 49.1, supra, le permite al Tribunal de Primera Instancia lograr que la sentencia o el récord de autos refleje la verdad, y no puede ser utilizado para reflejar, expresar o decidir otro asunto distinto al que originalmente fue pautado o pronunciado.[45]

El Tribunal de Primera Instancia puede, mediante enmienda nunc pro tunc, corregir errores de forma en el nombre del patrono querellado, bajo el procedimiento establecido por la Ley Núm. 2, supra. Lo que creemos no puede hacer mediante ese tipo de enmienda, como pretende la mayoría, es cambiar en una sentencia emitida en rebeldía el nombre del querellado, Restaurant Tropical, para sustituirlo e incluir el de un ente corporativo que

---

[41] Regla 49.1 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, R. 49.1.

[42] Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones JTS, 1979, Vol. II, pág. 265.

[43] Id., pág. 266; Scola v. Boat Frances R. Inc., 618 F 2d 147, 152-153 (1980).

[44] Security Ins. Co. v. Tribunal Superior, 101 D.P.R. 191, 205-206 (1973).

[45] Wright & Miller & Kane, Federal Practice and Procedure: Civil 2d § 2854, págs. 239-249.

podría ser Restaurant El Tropical, Inc. o F.R. & S. Corporation h/n/c Restaurant Tropical, por el hecho de que el emplazamiento fue diligenciando sobre una persona natural que es oficial de ambos entes corporativos.[46] Concluimos, que tal tipo de enmienda, por imperativo del derecho constitucional a un debido proceso de ley, y las circunstancias particulares de este caso, es de naturaleza sustantiva y no meramente de forma. No obstante, muy respetuosamente, creo que este Tribunal y el Tribunal de Primera Instancia, como mínimo, están impedidos de concluir que tal enmienda es para corregir un mero error clerical, sin la previa celebración de una vista evidenciaria por este último, donde las partes desfilen prueba al respecto.

### III

¿Podía el Tribunal de Circuito de Apelaciones, bajo tales circunstancias, enmendar el epígrafe del caso de autos y reemplazar el nombre de la persona peticionaria del recurso de _certiorari_, que lo fue la señora Alicia Fernández y/o Restaurant Tropical, por el del ente corporativo Restaurant El Tropical, Inc., cuando denegó el auto de _certiorari_ solicitado? La respuesta a dicha interrogante es en la negativa. Veamos

La parte aquí peticionaria plantea ante nos, que erró el Tribunal de Circuito de Apelaciones al denegar el auto de _certiorari_ solicitado, que pretendió la revisión de la sentencia parcial dictada por el Tribunal de Primera Instancia. No obstante haber tomado tal curso de acción procesal, el Tribunal de Circuito de Apelaciones alteró el epígrafe del caso ante sí en su resolución final, para que apareciera como peticionario ante ese Tribunal el Restaurant El Tropical, Inc., aun cuando al denegar el auto solicitado no asumió su jurisdicción apelativa.[47] Afirma que tal curso de acción es erróneo. Que lo procedente era que ese Tribunal expidiera el auto de _certiorari_ solicitado, revocara al Tribunal de Primera Instancia y devolviera el caso a dicho Tribunal para que celebrara una vista para determinar la aplicabilidad de la Regla 4.9 de Procedimiento Civil de Puerto Rico.[48]

El _certiorari_ es un recurso en alzada, mediante el cual un tribunal apelativo puede revisar, a su discreción, una resolución interlocutoria, o en algunos casos una sentencia dictada por un tribunal inferior. Su definición está contenida en el Art. 670 del Código de Enjuiciamiento Civil:[49]

---

[46] Precisamente esa fue la controversia de naturaleza sustancial que se produjo entre las partes. La parte querellante alegaba que el querellado era Restaurant El Tropical, Inc., y la señora Alicia Fernández alegaba que era F.R. & S. Corporation.

[47] La parte peticionaria ante el Tribunal de Circuito de Apelaciones lo fue la señora Alicia Fernández y/o Restaurant Tropical.

[48] 32 L.P.R.A. Ap. III, R. 4.9.

[49] 32 L.P.R.A. sec. 3491; David Rivé Rivera, _Recursos Extraordinarios_, 2da ed., San Juan, 1996, pág. 201.

El auto de *certiorari* es un auto expedido por un tribunal superior a otro inferior, por el cual se exige del último la remisión al primero de una copia certificada de las diligencias pendientes en el tribunal inferior o los autos de alguna causa ya terminada, en aquellos casos en que el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley, y con objeto de terminar los procedimientos cuando el tribunal inferior rehusare hacerlo fundado en bases erróneas.

En Pérez v. Tribunal de Distrito,[50] se resolvió que el auto de *certiorari* procede para revisar cualquier error de derecho cometido por un tribunal inferior, no importa si se trata de un error de derecho sustantivo o procesal. Se revocó la doctrina sentada en Sepúlveda v. Corte,[51] Subirama v. Padilla,[52] Pueblo v. Corte,[53] y Axtmayer v. Aldrey.[54] El Art. 670 del Código de Enjuiciamiento Civil, supra, no distingue entre cuestiones de derecho procesal y sustantivo. El Tribunal de Circuito de Apelaciones y este Tribunal tienen el poder discrecional de expedir autos de *certiorari* para revisar errores cometidos por tribunales inferiores, no importa la naturaleza del error cometido.[55]

La presentación de una solicitud de *certiorari* ante el Tribunal de Circuito de Apelaciones en casos civiles no suspende los procedimientos ante el Tribunal de Primera Instancia, salvo orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Circuito de Apelaciones.[56] Es la expedición del auto de *certiorari* la que suspende los procedimientos en el Tribunal de Primera Instancia, excepto cuando se trate de un auto de *certiorari* expedido por el Tribunal de Circuito de Apelaciones para revisar una resolución u orden interlocutoria.[57] Igual alcance tiene el recurso de *certiorari* en los casos criminales ante el Tribunal de Circuito de Apelaciones, para revisar una resolución u orden interlocutoria del Tribunal de Primera Instancia.[58]

Ni la presentación, ni la expedición del auto de *certiorari* por el Tribunal de Circuito de Apelaciones paraliza una orden concediendo: (1) una orden de injunction, de mandamus

---

[50] 69 D.P.R. 4 (1947).

[51] 40 D.P.R. 412 (1930).

[52] 12 D.P.R. 73 (1907).

[53] 44 D.P.R. 703 (1933).

[54] 14 D.P.R. 643 (1908).

[55] Pérez v. Tribunal de Distrito, supra; Rivé Rivera, op. cit., pág. 202.

[56] Artículo 4.002 de la Ley de la Judicatura de Puerto Rico, según enmendada, supra, 24 L.P.R.A. § 22 K; Regla 53.9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.9; Regla 35-A (1) del Reglamento del Tribunal de Circuito de Apelaciones; Rivé Rivera, op. cit., pág. 211.

[57] Artículo 4.002, supra, y 4.002 (f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley Núm. 248, supra, 24 L.P.R.A. § 22 K (f); Regla 53.9(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.9(b); Rivé Rivera, op. cit., pág. 211.

[58] Artículo 4.002 (f) de la Ley de la Judicatura de 1994, según enmendada por la Ley Núm. 248, supra.

o de hacer o desistir; (2) una orden de pago de alimentos; (3) una orden sobre custodia o relaciones filiales; salvo, naturalmente, orden en contrario del tribunal.[59]

El Tribunal de Circuito de Apelaciones, luego de presentado el recurso, puede expedir o denegar el auto de <u>certiorari</u> solicitado. Si el Tribunal de Circuito de Apelaciones asume su jurisdicción sobre el asunto que tiene ante sí, la sentencia que emita será la ley entre las partes con referencia al punto específico traído a la atención de ese Foro. Una denegatoria del auto solicitado nada dispone en cuanto al asunto en controversia. Al no expedir, dicho Tribunal no asumió su jurisdicción, sencillamente declinó ejercerla en uso de su discreción.[60]

Concluimos que erró el Tribunal de Circuito de Apelaciones al enmendar el epígrafe del caso ante sí para sustituir la parte allí peticionaria por la del ente corporativo denominado como Restaurant El Tropical, Inc. Al denegar el auto de <u>certiorari</u> solicitado por la parte allí peticionaria, señora Alicia Fernández y/o Restaurant Tropical, el Tribunal de Circuito de Apelaciones nada dispuso u ordenó al Tribunal de Primera Instancia o a las partes en cuanto al asunto en controversia ante este último. Al no expedir el auto, dicho Tribunal no asumió su jurisdicción sobre tal asunto y sobre las partes y, en consecuencia, no podía realizar tal enmienda. Concluimos, además, que erró dicho Foro al denegar el auto solicitado y no asumir su jurisdicción, por haberse dictado por el Tribunal de Primera Instancia la sentencia parcial en rebeldía allí recurrida, sin la celebración, cuando menos, de una vista evidenciaria para dilucidar la referida controversia trabada ante ese Foro.

IV

La parte aquí peticionaria arguye que las alegaciones contenidas en la querella de autos son puramente conclusorias e incorrectamente formuladas. Aduce, que dichas alegaciones no tienen base para que se concediera remedio alguno a favor del querellante de autos por sentencia. Apoya su reclamo en lo resuelto por este Tribunal en <u>Rivera v. Insular Wire Products, Corp.</u>[61] Expresa, que la parte querellante de autos no realizó una relación de hechos que sostuviera su alegación sobre discrimen por razón de edad, sino que simplemente se limitó a esbozar conclusiones de derecho. Nos plantea, que aunque la querella cumple en términos generales con el propósito de notificar a grandes rasgos la controversia, no esboza una reclamación que justifique la concesión de un remedio.

---

[59] Regla 53.9 (d) de Procedimiento Civil, <u>supra</u>; Regla 35-A (b) del Reglamento del Tribunal de Circuito de Apelaciones; Rivé Rivera, <u>op. cit.</u>, pág. 211.

[60] <u>Núñez Borges v. Pauneto Rivera</u>, 130 D.P.R. 749 (1992); <u>Pueblo v. Carrión</u>, 111 D.P.R. 825 (1981); <u>Bartolomei</u> v. <u>Tribunal Superior</u>, 77 D.P.R. 462, 463 (1954).

[61] 140 D.P.R. 912 (1996).

La parte aquí recurrida arguye, que la querella esboza los hechos correctamente y cumple con los requisitos necesarios para establecer un caso prima facie de despido injustificado y por discrimen, por razón de edad. Se apoya también en lo resuelto por este Tribunal en Rivera v. Insular Wire Products Corp., supra, y, además, en nuestros pronunciamientos sobre el asunto en Ibañez v. Molinos de Puerto Rico, Inc.[62] y Marín v. Fastening Systems, Inc.[63]

La Ley Núm. 100 de 30 de junio de 1959, según enmendada,[64] reconoce una causa de acción para toda persona que hubiese sido despedida o de otro modo se viere negativamente afectada en su empleo, por razón de edad. Esa ley contiene una disposición específica en cuanto a la presunción de discrimen.

El Art. 3 de la Ley Núm. 100,[65] dispone lo siguiente:

> Se presumirá que cualquiera de los actos mencionados en las secciones precedentes fueron cometidos en violación de las secs. 146 a 151 de este título, cuando los mismos hayan sido realizados sin justa causa. Esta presunción será de carácter controvertible.

La referida presunción significa que el patrono demandado viene obligado a probar que el despido no fue discriminatorio. Basta con que pruebe, aun mediante evidencia circunstancial, que la razón para el despido no fue por discrimen para que la presunción quede destruida. Esto último, sin embargo, ha de hacerse mediante preponderancia de la prueba.[66] En esos casos, la parte demandante ha de tener la oportunidad de demostrar que la justificación ofrecida por el patrono es un mero pretexto.[67] No obstante, podría presentarse la situación de que el despido efectivamente no se produjo por el alegado discrimen, pero sí por alguna otra causa injustificada. Tal circunstancia podría dar lugar a que el querellante, bajo el procedimiento sumario contemplado por la Ley Núm. 2, supra, sea acreedor a los beneficios que contempla la Ley Núm. 80, supra,[68] si efectivamente presentó una causa de acción a esos efectos.

No erró el Tribunal de Primera Instancia al considerar que las alegaciones de la querella de autos exponen reclamaciones bajo la Ley Núm. 80, supra, y la Ley Núm. 100, supra, que justifiquen la concesión de un remedio. Veamos.

---

[62] 114 D.P.R. 42 (1983).

[63] 142 D.P.R. 499 1997).

[64] 29 L.P.R.A. sec. 146 et seq.

[65] 29 L.P.R.A. sec. 148.

[66] Ibañez v. Molinos de Puerto Rico, Inc., supra, págs. 42-54.

[67] Alberty v. Bco. Gub. de Fomento, res. el 1 de noviembre de 1999, 99 TSPR 166, 149 D.P.R. ___ (1999), 99 J.T.S. 169.

[68] Para efectos de lo que podría constituir justa causa para el despido, tal estatuto desglosa unas situaciones en forma no taxativa. Srio. del Trabajo v. G.P. Inds., Inc., res. el 17 de enero de 2001, 2001 T.S.P.R. 4, 153 D.P.R. ___ (2001), 2001 J.T.S. 7.

El procedimiento sumario establecido en la Ley Núm. 2, supra, es aplicable a varias reclamaciones laborales, incluyendo discrimen en el empleo, despido injustificado, y para reclamar derechos o beneficios de los trabajadores, entre otros.[69]

El derecho procesal provee gran flexibilidad a las partes para plantear sus reclamaciones ante el foro judicial. Sólo se les requiere bosquejar, a grandes rasgos, cuáles son las reclamaciones, de forma tal que la parte promovida quede notificada de la naturaleza general de las controversias en su contra y pueda comparecer a defenderse, si así lo desea. Las alegaciones en una demanda o querella presentada ante el Tribunal de Primera Instancia serán sucintas y sencillas, y se interpretarán en forma conjunta y liberal. Las partes pueden incluir en una querella o reclamación ante el Tribunal de Primera Instancia una o más causas de acción, a tenor con unos hechos, al amparo de la misma o de distintas leyes.[70]

En casos de discrimen, el querellante, bajo el procedimiento contemplado en la Ley Núm. 2, supra, tiene que establecer un caso prima facie de discrimen por razón de edad, y el peso de producir la evidencia se transfiere al demandado.[71]

Después de examinada la querella de autos, concluimos que contiene reclamaciones al amparo de las leyes ya mencionadas que, **como alegación**, justifican la concesión de un remedio. No obstante, el Tribunal de Primera Instancia no está obligado a conceder automáticamente las reclamaciones e indemnizaciones solicitadas por el demandante, sólo porque el demandado esté en rebeldía. Dicho Tribunal puede celebrar las vistas evidenciarias que crea necesarias y adecuadas para comprobar **cualquier alegación**, a los efectos de que es justa y razonable y para los propósitos ya expuestos. Esto es aplicable a los casos de procedimientos sumarios bajo la Ley Núm. 2, supra.[72]

V

Por los fundamentos antes expuestos, disentimos. Revocaríamos la resolución dictada por el Tribunal de Circuito de Apelaciones y la sentencia emitida por el Tribunal de Primera Instancia, y devolveríamos el caso a este último para procedimientos ulteriores, de conformidad con lo aquí dispuesto.

EFRAÍN E. RIVERA PÉREZ

---

[69] Berríos v. González, et al., res. el 15 de junio de 2000, 2000 TSPR 87, 151 D.P.R. ___ (2000), 2000 J.T.S. 102; Marín v. Fastening Systems, Inc., supra.

[70] Rivera v. Insular Wire Products Corp., supra.

[71] No surge de nuestro expediente que se haya celebrado una vista evidenciaria por el Tribunal de Primera Instancia, a los efectos de que quedaran probados los hechos básicos dispuestos por nuestro ordenamiento jurídico para dejar establecido prima facie un caso por discrimen por razón de edad. Véase Ibañez v. Molinos de Puerto Rico, Inc., supra.

[72] Rivera v. Insular Wire Products Corp., supra.

Juez Asociado