JULIO COLÓN GANDÍA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado.

Número: C-64-86        Resuelto: 4 de marzo de 1966

*R. Fernández Negrón,* abogado del peticionario; *Juan B. Soto* y *Guillermo Cintrón Ayuso,* abogados del interventor, Editorial El Imparcial, Inc.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

El Juez Asociado Señor Hernández Matos emitió la opinión del Tribunal.

Revisamos la negativa del tribunal de instancia a permitir, al comienzo de una reclamación de salarios, que se completara el nombre de la única parte querellada.

El peticionario Julio Colón Gandía le prestó servicios a la empresa propietaria y editora del periódico El Imparcial desde el 1 de febrero de 1957 hasta el 15 de junio de 1962.

Devengó un sueldo mensual de $200.00 hasta el 30 de noviembre de 1958 y de $250.00 hasta que fue despedido de su empleo.

El 11 de junio de 1964, acogiéndose a las disposiciones de las leyes Núm. 379 de 1948 y Núm. 2 de 17 de octubre de 1961, dedujo querella ante la Sala de San Juan del Tribunal Superior, reclamando a dicha empresa $29,888.00 por concepto de horas extras trabajadas en exceso de ocho horas diarias y $650.00 por vacaciones, en total $30,538.00, en adición a otra suma igual que ésta "por concepto de la penalidad de ley."

En el título de la querella se designó al patrono reclamado con el siguiente nombre: "El Imparcial, Inc. Querellado." Sus párrafos 1 y 2 exponen:

"1.—Que la parte querellada es una corporación debidamente autorizada para operar en Puerto Rico.

"2.—Que la parte querellada explota un negocio de empresa periodística, habiendo utilizado los servicios del querellante desde el día 1 de febrero de 1957 hasta el 15 de junio de 1962, en que fue despedido."

Se libró una citación que fue notificada personalmente el 16 de junio de 1964 "al Licdo. Juan Francisco Soto, agente residente del Imparcial para recibir las notificaciones para el Imparcial, San Juan, P.R."

El 24 de junio siguiente Juan Francisco Soto presentó una moción en el procedimiento en la que aceptó haber sido notificado "con copia del mandamiento y de la querella en los autos de este caso" y alegó que no era ni nunca había sido agente, director o representante de ninguna corporación denominada El Imparcial, Inc., expresando que no existía ninguna corporación organizada con dicho nombre. Suplicó que se declarase que dicha notificación era nula y carecía de eficacia legal.

El 3 de julio de 1964 se celebró la vista de la moción de Juan Francisco Soto. Sus letrados expusieron al tribunal

de instancia que en Puerto Rico se había constituido una corporación denominada El Imparcial, Inc., que había sido dueña y editora del periódico El Imparcial; que se había disuelto hacía unos diez años—por el 1954—que como sucesora y continuadora de aquella empresa periodística entonces se había organizado la actual corporación Editorial El Imparcial, Inc., de la cual Juan Francisco Soto era agente y representante para recibir emplazamientos y citaciones; se había demandado a una persona que no existía; que para reclamar salarios a Editorial El Imparcial, Inc. había que radicar una nueva demanda, traer una nueva acción, y no se podía enmendar el nombre de la parte querellada añadiéndole la palabra "Editorial" porque se trataba de una persona distinta a la originalmente querellada.

Por su parte expuso el letrado del querellante, en síntesis: Que "los documentos que tenemos de El Imparcial dicen El Imparcial, Inc. En el contrato que hizo con el querellante aparece como El Imparcial, Inc., y por eso fue que usamos el nombre de esa forma, tal como ellos lo tienen;" que entendía que "tanto El Imparcial, Inc. como Editorial El Imparcial . . . ha sido una misma corporación a pesar de la alegada disolución de ellos, lo que procedería en este caso es una enmienda, a los efectos de que diga en vez de El Imparcial, Inc., Editorial Imparcial, Inc."

Luego de esta discusión, el juez de instancia en corte abierta, determinó:

" . . . Que venga una moción solicitando inclusión de una nueva parte, pero no que se enmiende la ya existente. De enmendarse la existente, no podría enmendarse en ese sentido. . . . Lo que podría hacerse es unirse. Entonces, se declarará con lugar la moción en cuanto a que Juan Francisco Soto no es agente, ni representante, ni está relacionado con la corporación El Imparcial, Inc. El compañero, si desea incluir una nueva parte querellada, pues que la incluya y que la emplace entonces. Ya sabe que Juan Francisco Soto, en cuanto al Editorial El Imparcial, Inc., es agente y representante." (T.E. págs. 10–11.)

El 10 de julio de 1964, el querellante en una "Moción Para Corrección de Nombre del Querellado" expuso:

"1.—Que el querellante al radicar esta acción tuvo y ha tenido la intención de hacerlo contra la Corporación Editorial El Imparcial, Inc.

"2.—Que a estos efectos se emplazó a Juan Francisco Soto el día 16 de junio de 1964, como agente de la Corporación Editorial El Imparcial, Inc.

"3.—Que por un error involuntario se puso el nombre de la Querellada como El Imparcial, Inc.

"4.—Que en la vista celebrada el día [*sic*] de julio de 1964 compareció el Lcdo. Juan Francisco Soto y en Corte abierta admitió ser agente representante de la Corporación Editorial El Imparcial, Inc.

"POR LO QUE, se solicita del Honorable Tribunal ordene enmendar el nombre de la Querellada a los efectos de incluir el concepto Editorial."

La anterior moción fue desestimada de plano, el 15 de julio de 1964.

Por improcedentes impugna el peticionario esas determinaciones. Sostiene que tenía un claro derecho a enmendar el título de su querella, que la negativa constituyó un obvio y perjudicial abuso de su discreción y que no procedía incluir como nueva parte querellada a una persona jurídica que originalmente se había hecho parte querellada, aunque le hubiera sido designada con un nombre erróneo.

Compartimos el criterio del peticionario. Las circunstancias concurrentes justificaban la alegación del querellante expresadas en su moción del 8 de julio de 1964: "1.—Que el querellante al radicar esta acción tuvo y ha tenido la intención de hacerlo contra la corporación Editorial El Imparcial, Inc. . . . 3.—Que por un error involuntario se puso el nombre de la querellada como El Imparcial, Inc."

Como expresaron el 3 de julio de 1964 al tribunal de instancia los distinguidos letrados Soto y Cintrón Ayuso, la primitiva corporación El Imparcial, Inc, estaba disuelta desde

hacía 10 años—es decir, desde el 1954—no existía, había muerto y en su lugar, como empresa periodística sucesora de la extinta "nació otra, que se llama Editorial El Imparcial, Inc.;" el reclamante identifica en su querella a la parte querellada como una entidad "que explota—se refiere a junio de 1964—un negocio de empresa periodística, que lo empleó el 1 de febrero de 1957 y lo despidió el 15 de junio de 1962"; el querellante hizo que la citación se notificara a Juan Francisco Soto, como agente y representante de "Editorial El Imparcial, Inc."; informó al Tribunal que: "Todos los documentos que tenemos de El Imparcial dicen El Imparcial, Inc. En el contrato que hizo con el querellante aparece como El Imparcial, Inc. y por eso fue que usamos el nombre de esa forma, tal como ellos lo tienen." Obviamente, no hubo razón válida para que se pudiera seriamente entender que el empleado Julio Colón Gandía estaba reclamando el pago de salarios a una entidad inexistente y a la que nunca le hubiera podido prestar servicios entre el 1957 y el 1962.

Todo indicaba claramente que la verdadera entidad contra la cual inicialmente se quiso reclamar fue la Editorial Imparcial, Inc. y que se incurrió inadvertidamente en error al designársele El Imparcial, Inc., nombre que coincidía con el de la corporación antecesora, extinguida unos 14 años antes de iniciarse la reclamación judicial, cuya existencia y disolución podía hasta ignorar el querellante.

■ No procedía, por tanto, que se incluyera como parte nueva en el caso a una persona a quien realmente se había demandado, aunque lo fuera con un nombre erróneo y a la cual se había citado en la persona de su verdadero agente y representante para recibir emplazamientos o citaciones.

Es cierto que en la Orden de Citación se mandaba a notificar a la parte querellada nombrada El Imparcial, Inc. Pero la persona notificada fue el representante de Editorial El Imparcial, Inc. como hemos dicho.

La Regla 13.1 de Procedimiento Civil de 1958, consagra el poder del tribunal para enmendar las alegaciones, y el permiso para enmendar "se concederá liberalmente cuando la justicia así lo requiera."

La Regla 4.9 señala que:

"En cualquier momento a su discreción y en los términos en que crea justos, el tribunal puede permitir que se enmiende cualquier emplazamiento o la prueba de haberse diligenciado, a menos que se demuestre claramente que de así hacerlo se perjudicarían materialmente los derechos substanciales de la parte contra quien se expidió el emplazamiento."

Bajo el poder conferido por la Regla 4.9 antes citada, los tribunales, en el uso de su discreción, pueden ordenar que se enmiende un emplazamiento o citación a fin de ajustarlo a la realidad, cuando se trata de situaciones en que se ha consignado en forma inapropiada el nombre de la persona que realmente se desea demandar. Esas situaciones, se ha decidido, deben ser consideradas como meros errores técnicos especialmente si se ha emplazado en realidad a la persona que se tiene interés en demandar o su agente autorizado al respecto. *M. Lowenstein & Sons, Inc.* v. *American Underwear Mfg. Co., Inc.*, 11 F.R.D. 172 (1951); *Robbins* v. *Nagelberg, et al.*, 8 F.R.D. 36 (1948); *Grandey* v. *Pacific Indemnity Company*, 217 F.2d 27 (1954); *United States* v. *A. H. Fisher Lumber Co.*, 162 F.2d 872 (1947); Barron & Holtzoff, *Federal Practice and Procedure*, T. I, sec. 186, pág. 748; Moore's *Federal Practice*, T. 2, sec. 4.44, pág. 1295.

Se ha decidido que siempre que la enmienda solicitada no tenga el efecto de sustituir o incluir partes nuevas al procedimiento que no han sido emplazadas y sobre los cuales el tribunal no ha adquirido jurisdicción, y cuando no haya duda alguna en cuanto a la *intención* del demandante respecto a la persona que se ha tenido interés en demandar, habiéndose emplazado efectivamente a dicho demandado o su agente autorizado al efecto, actúa correctamente un tribunal al

permitir la enmienda para corregir el nombre de dicho demandado. *Kind Land & Improv. Co.* v. *Bowen*, 61 So. 22 (1913); *Elí Witt Cigar & Tobacco Co.* v. *Somers*, 127 So. 333 (1930); *Atlantic Coast Line R. Co.* v. *Cook*, 64 S.E. 665 (1909); Anno: *Amendment of Process of Pleading by Changing or Correcting Mistake in Name of Party*, 124 A.L.R. 86. *Misnomer in Summons—Amendments*, 48 Mich. L. Rev. pág. 719; *What's in a Name?* 14 Nebr. L. Bull., pág. 343.

Moore expresa lo siguiente:

"Cierta dificultad puede surgir en casos que envuelvan señalamientos erróneos del demandado. En *Sweeney* v. *Greenwood Index Journal Co.* el verdadero nombre de la corporación era 'The Index-Journal Company', dedicada a la publicación de un periódico en Greenwood S.C.; la citación señalaba al demandado 'The Greenwood Index Journal Co., Inc.' La corte sostuvo que se trataba de un error de sustancia no sujeto a enmienda, a base de que el caso no era uno de un mero error al consignarse el nombre del demandado, sino que el permitir la enmienda sería en efecto el permitir la introducción de una parte diferente al juicio. *Esta regla parece incorrecta* al considerar que la citación y la demanda habían sido entregadas al secretario-tesorero del demandado, que la demanda de libelo hubiese evitado cualquier mal entendido con relación a la persona que se tenía interés en demandar, y que la desestimación de la demanda resultaría en impedir la reclamación como consecuencia del transcurso del término prescriptivo. *La norma debe ser si, a base de un criterio objetivo, es razonable concluir que el demandante tenía en mente una persona o entidad en particular, meramente cometió un error en cuanto al nombre, y en realidad emplazó a la persona o entidad deseada; o si el demandante realmente intentó demandar y emplazar una persona diferente.* Y este criterio debe tener aplicación aunque se solicite la enmienda después de transcurrido el término prescriptivo con relación a la persona o entidad inapropiadamente nombrada en el emplazamiento." (Énfasis suplido.)

■ En estas reclamaciones de salarios, con arreglo a la Sec. 8 de la citada Ley Núm. 2 de 17 de octubre de 1961, "no se desestimará ninguna querella por defecto de forma únicamente."

Por todo lo expuesto, en bien de la justicia, debe permitirse al querellante presentar una querella enmendada a fin de que el nombre de la parte querellada lea: "Editorial El Imparcial, Inc."

*Deberá anularse la resolución recurrida dictada en corte abierta el 3 de julio de 1964, y también la dictada por escrito el 15 de julio de 1964, y concederse al querellante un término de 10 días para presentar una querella enmendada en la forma indicada.* (¹)

---

(¹) Véase *Matos Velázquez* v. *Proctor Manufacturing Corp.*, 91 D.P.R. 45 (1964). En ese caso se trataba de enmiendas verdaderamente fundamentales. Sostuvimos la resolución que las admitió.