EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Caribbean Orthopedics Products of Puerto Rico, LLC<br><br>Peticionaria<br><br>v.<br><br>Medshape, Inc.; First Choice Prosthetic & Orthopedic Service, Inc.; First Choice Prosthetic Corp.; Compañías Aseguradoras A, B, y C<br><br>Recurridos | Certiorari<br><br>2021 TSPR 124<br><br>207 DPR \_\_\_\_ |

Número del Caso: AC-2020-53

Fecha: 19 de agosto de 2021

Tribunal de Apelaciones:

    Panel III

Abogados de la parte peticionaria:

    Lcdo. Juan M. Casellas Rodríguez
    Lcda. Jennifer López Negrón

Abogados de la parte recurrida:

    Lcdo. Henry O. Freese Souffront
    Lcda. Yahaira De la Rosa Algarín
    Lcdo. Edwin E. León Pérez

Materia: Derecho procesal civil: La omisión de incluir la fecha de publicación de un emplazamiento por edicto entre los documentos remitidos a la parte demandada es un error técnico subsanable mediante enmienda, de conformidad con la Regla 4.8 de Procedimiento Civil. El foro primario tiene discreción para ordenar la enmienda de un emplazamiento fuera del término de 120 días para emplazar, siempre y cuando el diligenciamiento del emplazamiento original se haya efectuado dentro del término reglamentario.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Caribbean Orthopedics
Products of Puerto Rico, LLC

     Peticionaria

       v.

Medshape, Inc.; First Choice
Prosthetic & Orthopedic
Service, Inc.; First Choice
Prosthetic Corp.; Compañías
Aseguradoras A, B y C

     Recurridos

AC-2020-0053

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 19 de agosto de 2021.

Resolvemos que la omisión de incluir la fecha de publicación del emplazamiento por edicto entre los documentos enviados a la parte demandada es un error técnico, subsanable por una enmienda, según la Regla 4.8 de Procedimiento Civil, _infra_. Además, a la luz de lo resuelto en _Bernier González v. Rodríguez Becerra_, _infra,_ resolvemos que si el foro primario ordena una enmienda a un emplazamiento por edicto -de un emplazamiento previamente realizado dentro del término de 120 días - el diligenciamiento de la enmienda no priva de jurisdicción al tribunal.

# I

En junio de 2011, la parte recurrida, Medshape Inc. (Medshape) designó a la parte peticionaria, Caribbean Orthopedics Products of Puerto Rico, LLC (Caribbean Orthopedics) como la distribuidora exclusiva de algunos de sus productos en Puerto Rico y República Dominicana. Transcurridos aproximadamente tres años, Medshape le informó a Caribbean Orthopedics su intención de cesar su relación contractual. Entretanto, Medshape firmó un contrato de exclusividad y transfirió a First Choice Prosthetic & Orthopedics Service Inc. (First Choice) los derechos de distribución que tenía Caribbean Orthopedics.

Producto de la terminación contractual entre las partes, el 22 de agosto de 2018 Caribbean Orthopedics demandó a Medshape y First Choice por terminación ilegal de un contrato de distribución, y daños y perjuicios al amparo de la Ley Núm. 75 de 24 de junio de 1964, según enmendada, conocida como Ley de Contratos de Distribución de Puerto Rico, 10 LPRA sec. 278 et seq. (Ley Núm. 75). Al día siguiente, el Tribunal de Primera Instancia expidió los emplazamientos para First Choice.

En cuanto el emplazamiento a Medshape, Caribbean Orthopedics adujo que esta era una corporación organizada bajo las leyes del estado de Georgia, con dirección física y postal en ese estado, que no estaba autorizada, ni registrada, para hacer negocios en Puerto Rico, y carente de un agente residente. Por lo que le solicitó al tribunal que

ordenara su emplazamiento por edicto, según dispone la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V.

El 13 de septiembre de 2018, el foro primario autorizó y expidió el emplazamiento por edicto. Como resultado, el edicto fue publicado en el periódico El Nuevo Día los días 3 y 16 de octubre de 2018. Luego, Caribbean Orthopedics le envió a Medshape por correo certificado, los siguientes documentos: (a) un recorte de un edicto de periódico; (b) un documento titulado Emplazamiento por edicto; y, (c) otro documento titulado Demanda, con sus correspondientes anejos.

Así, el 1 de noviembre de 2018 Medshape presentó un Notice of Removal ante el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico (tribunal federal). Alegó que debido a que había diversidad de ciudadanía entre las partes, correspondía el traslado del caso. De igual forma, el 19 de noviembre de 2018, Medshape presentó una moción de desestimación ante el tribunal federal. Arguyó que procedía desestimar el caso presentado por Caribbean Orthopedics, debido a que esta no incluyó una declaración jurada con la moción de emplazamiento por edicto. Además, alegó que el emplazamiento fue defectuoso, debido a que no se incluyó la fecha de publicación del edicto en la notificación por correo certificado que se hizo con el emplazamiento por edicto y la demanda.

Oportunamente, Caribbean Orthopedics solicitó que se devolviera el caso al foro estatal (remand), ante la inexistencia de diversidad de ciudadanía entre las partes.

Luego de varios trámites procesales, el 5 de marzo de 2019 el tribunal federal ordenó el reenvío del caso al foro estatal y denegó la desestimación que Medshape solicitó.

Cuando el foro estatal readquirió jurisdicción, el 26 de marzo de 2019 Medshape presentó una moción de desestimación en la que alegó que la demanda que instó Caribbean Orthopedics: (1) no exponía una reclamación que justificara la concesión de un remedio y (2) adolecía de insuficiencias el emplazamiento por edicto y su diligenciamiento. Bajo alegaciones similares a las presentadas ante el tribunal federal, Medshape argumentó que no se incluyó una declaración jurada para justificar el emplazamiento por edicto y que el diligenciamiento del emplazamiento por correo fue defectuoso al no incluir la fecha de publicación del emplazamiento por edicto ni el periódico utilizado para la publicación. Adujo que esa omisión constituyó un incumplimiento con el deber de realizar una notificación adecuada dentro del término que dispone la ley para realizar el emplazamiento, lo que impedía que el tribunal adquiriera jurisdicción sobre su persona.

Por su parte, Carribean Orthopedics se opuso a la moción de desestimación. En lo pertinente, adujo que la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, no requiere la presentación de una declaración jurada cuando el demandado es una corporación foránea no autorizada para hacer negocios en Puerto Rico y, por lo tanto, no tiene un agente residente. De igual forma, sostuvo que tampoco es necesario notificar

a la parte demandada la fecha de la publicación del edicto, ni que la falta de notificación conlleve la desestimación de la demanda. Como defensa, sostuvo que el recibo de la demanda y el emplazamiento por edicto le permitió a Medshape comparecer a tiempo y defenderse. Alegó que evidencia de ello fue la presentación del Notice of Removal ante el tribunal federal dentro del término de treinta días que tenía para contestar la demanda.

A esos efectos, el Tribunal de Primera Instancia celebró una vista argumentativa donde las partes abundaron sobre sus posiciones. En consecuencia, el foro primario concluyó que no era necesaria la presentación de una declaración jurada expresando las diligencias realizadas para localizar al demandado, cuando la parte demandada es una corporación foránea sin autorización para hacer negocios en Puerto Rico. No obstante, concluyó que como Caribbean Orthopedics no incluyó en su notificación la fecha de publicación del edicto, privó a Medshape de conocer el término para presentar su alegación responsiva. Por consiguiente, le concedió a Caribbean Orthopedics un término para que presentara una segunda solicitud de emplazamiento por edicto.

Así las cosas, Caribbean Orthopedics presentó una segunda solicitud de emplazamiento por edicto. El foro primario autorizó la expedición del nuevo emplazamiento por edicto y el 16 de octubre de 2019 este se publicó en el periódico El Nuevo Día. Ese mismo día, Caribbean Orthopedics

reenvió a Medshape, por correo certificado, copia de la demanda, del emplazamiento por edicto y del edicto publicado; con una carta en la que le informaba la fecha de publicación del edicto.

Diligenciado el segundo emplazamiento, Medshape presentó su segunda moción de desestimación, reiterando que procedía la desestimación automática de la demanda conforme a la normativa de Bernier González v. Rodríguez Becerra, 200 DPR 637 (2018). Alegó que, a la luz de lo allí resuelto, el término de 120 de la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, es improrrogable, lo que impide al tribunal autorizar un segundo intento de emplazamiento por edicto cuando el término original ya transcurrió. Por lo tanto, sostuvo que lo que procedía era desestimar la demanda en lugar de ordenar un nuevo emplazamiento.

Caribbean Orthopedics se opuso a la moción de desestimación. En resumen, sostuvo que Bernier González v. Rodríguez Becerra, supra, es inaplicable a este caso. Alegó que, si bien es cierto que en Bernier González se resolvió que el término de 120 días para diligenciar el emplazamiento personal es improrrogable, la presente controversia no trata de una prórroga al término para emplazar, sino de la corrección de un emplazamiento ya diligenciado dentro del término dispuesto en la Regla 4.3 de Procedimiento Civil, supra.

Así pues, el foro primario denegó la segunda moción de desestimación. Concluyó que no procede la desestimación a

base de la Regla 4.3(c) de Procedimiento Civil, supra, y lo resuelto en Bernier González v. Rodríguez Becerra, supra, ya que no se prorrogó el término para emplazar. El tribunal resolvió que lo que sucedió es que se corrigió un error de un emplazamiento que ya había sido diligenciado dentro del término de 120 días. Además, el tribunal sostuvo que las Reglas de Procedimiento Civil le proveen autoridad para autorizar por cuenta propia, o a solicitud de parte, que el emplazamiento se enmiende. Finalmente, apercibió a Medshape de que si no estaba de acuerdo con la determinación original de expedir un nuevo emplazamiento debió haber objetado en ese momento, pero no lo hizo, por lo que sus argumentos eran tardíos.

En desacuerdo, el 13 de marzo de 2020 Medshape presentó un recurso de certiorari ante el Tribunal de Apelaciones en el que señaló que se le emplazó fuera de término, tras una prórroga indebida del plazo de 120 días.

Con el beneficio de la comparecencia de ambas partes, el foro apelativo intermedio expidió el auto de certiorari y revocó el dictamen del foro primario. En síntesis, concluyó que la Regla 4.6 de Procedimiento Civil, supra, exige que se notifique la fecha de publicación del edicto, junto con la copia de la demanda y el emplazamiento por edicto; y que el foro primario, conforme al texto de la Regla 4.3(c) de Procedimiento Civil, supra, y lo resuelto en Bernier González v. Rodríguez Becerra, supra, estaba impedido de

ordenar la expedición de un segundo emplazamiento por edicto.

En desacuerdo, Caribbean Orthopedics acude ante nos mediante un recurso de apelación y señala que el Tribunal de Apelaciones no tenía jurisdicción para revisar la determinación del foro primario. Además, reclama que el Tribunal de Apelaciones se equivocó al concluir que la Regla 4.3(c) de Procedimiento Civil, supra, impide que se autorice un nuevo emplazamiento después de concluirse el plazo original para diligenciarlo.

Expedido el recurso como un certiorari[1] y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, hoy conocido como Ley de Recursos Extraordinarios, 32 L.P.R.A. sec. 3491.

---

[1] Caribbean Orthopedics sostiene que la sentencia del caso ante nos está en conflicto con otras sentencias del foro apelativo intermedio. Por tratarse de un trámite interlocutorio, Medshape compareció al Tribunal de Apelaciones mediante un recurso de certiorari. Sin embargo, el Art. 3.002 de la Ley de la Judicatura de 2003, 4 LPRA sec. 24s(c), dispone que la apelación procede cuando se plantee un conflicto entre *sentencias* del Tribunal de Apelaciones en *casos apelados* ante ese tribunal. Por lo tanto, como no nos encontramos ante una sentencia de un caso apelado ante el Tribunal de Apelaciones, el recurso adecuado es el certiorari y no la apelación. Lo contrario produciría la anomalía de que una decisión que solo es revisable de manera discrecional ante el Tribunal de Apelaciones sería apelable ante el Tribunal Supremo. Es decir, el foro máximo estaría obligado a atender un asunto que el foro intermedio podría rehusar discrecionalmente.

Municipio Autónomo de Caguas v. JRO Construction, 201 DPR 703, 710 (2019). Ahora bien, esa discreción no es irrestricta. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, establece las instancias en que procede expedir el recurso de certiorari.

En lo pertinente, la Regla 52.1 de Procedimiento Civil, supra, establece:

> Regla 52.1 Procedimientos
>
> …
>
> El recurso de certiorari para revisar resoluciones u ordenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones** cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo**… (Énfasis nuestro).

En la controversia ante nuestra consideración, Medshape recurrió al foro apelativo intermedio de la denegatoria del foro primario a una solicitud de desestimación. La moción de desestimación es el ejemplo clásico de una moción de carácter dispositivo. Como se sabe, de declararse con lugar la moción de desestimación, se dispone de la controversia sin entrar en los méritos de esta. Por consiguiente, en esta controversia, al recurrirse de una moción de carácter dispositivo, el foro apelativo intermedio tenía jurisdicción para atender el recurso de certiorari presentado por Medshape.

**B**

Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. <u>Sánchez Ruiz v. Higuera Pérez</u>, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, <u>supra</u>.

La Regla 4.6(a) de Procedimiento Civil, <u>supra</u>, gobierna lo concerniente a quién o bajo qué circunstancia procede la utilización del mecanismo del emplazamiento por edicto. En lo pertinente, dispone:

> Regla 4.6. Emplazamiento por edictos y su publicación
>
> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, **o si es una corporación extranjera sin agente residente**, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. (Énfasis nuestro).

En el caso ante nuestra consideración, Caribbean Orthopedics probó que Medshape es una corporación creada y/u organizada bajo las leyes del estado de Georgia, y que no cuenta con un agente residente en nuestra jurisdicción. Por lo tanto, como Medshape es "una corporación extranjera sin agente residente", Regla 4.6 (a) de Procedimiento Civil, supra, actuó correctamente el foro primario al expedir el emplazamiento por edicto.

Por otro lado, la Regla 4.6(b) de Procedimiento Civil, supra, gobierna lo concerniente a la información que el emplazamiento por edicto debe contener para su eficacia jurídica. En lo pertinente, dispone lo siguiente:

> (b) El contenido del edicto tendrá la información siguiente:
>
> (1) Título—Emplazamiento por Edicto
>
> (2) Sala del Tribunal de Primera Instancia
>
> (3) Número del caso
>
> (4) Nombre de la parte demandante
>
> (5) Nombre de la parte demandada a emplazarse
>
> (6) Naturaleza del pleito
>
> (7) Nombre, dirección y de teléfono del abogado o abogada de la parte demandante
>
> (8) Nombre de la persona que expidió el edicto
>
> (9) Fecha de expedición
>
> (10) **Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1, y la advertencia a los efectos de que si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle.** El edicto

identificará con letra negrilla tamaño diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en éste.

Si la demanda es enmendada en cualquier fecha anterior a la de la comparecencia de la parte demandada emplazada mediante edictos, dicha demanda enmendada se le notificará en la forma dispuesta por la regla de emplazamiento aplicable al caso. (Énfasis nuestro).

La Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, a la que se hace referencia en el inciso 10 de la Regla 4.6 (b) de Procedimiento Civil, supra, dispone que "una parte demandada que se encuentre en o fuera de Puerto Rico deberá notificar su contestación dentro de treinta (30) días de habérsele entregado copia del emplazamiento y de la demanda **o de haberse publicado el edicto, si el emplazamiento se hizo conforme a lo dispuesto en la Regla 4.6.**" (Énfasis suplido).

En Banco Popular v. SLG Negrón, 164 DPR 855 (2005), resolvimos una controversia que giraba en torno a que "el edicto no se publicó en un periódico de circulación diaria y **que no se le envió copia del edicto publicado, lo que vicia de nulidad el emplazamiento.**" (Énfasis suplido). Además, indicamos que:

Ni en la demanda presentada en este caso ni en los emplazamientos originalmente expedidos — documentos que sí le fueron enviados a la parte demandada— **se les informa del término dentro del cual deben contestar, cuándo éste comienza a transcurrir, ni se les advierte de que si no contestan la demanda se les anotará la rebeldía y se dictará la correspondiente sentencia, concediendo el remedio solicitado sin más citarle y oírle.** Estos documentos, por lo tanto, son insuficientes para que el demandado pueda tomar una decisión informada de si comparece o

no al tribunal. Ello vicia de nulidad el emplazamiento mediante edicto efectuado en este caso por el Banco Popular, ya que se viola el proceso debido a la parte demandada. (Énfasis nuestro). <u>Banco Popular v. SLG Negrón</u>, <u>supra</u>, pág. 874.

Ahora bien, a diferencia de <u>Banco Popular</u>, en la controversia ante nuestra consideración el emplazamiento por edicto diligenciado contenía la información requerida por la Regla 4.6(b)(10) de Procedimiento Civil, <u>supra</u>. Es decir, el emplazamiento en controversia indicaba el término de 30 días para que Medshape contestara la demanda. De igual forma, advertía a Medshape que si no contestaba la demanda en el término establecido, se le anotaría la rebeldía y se dictaría la correspondiente sentencia para conceder el remedio solicitado sin más citarle ni oírle.

No obstante, Medshape arguye que de la documentación recibida no se desprende la fecha en la cual se publicó el emplazamiento por edicto ni el nombre del periódico en el que se publicó y que esa omisión no lo pone en condición de conocer el término exacto que tiene para contestar la demanda. Le asiste la razón.

Si bien es cierto que la Regla 4.6 de Procedimiento Civil <u>supra</u>, no exige expresamente que se indique la fecha de publicación y el periódico en el que publicó el edicto, esta sí requiere que el edicto incluya el "término dentro del cual la persona emplazada deberá contestar la demanda". Regla 4.6(10) de Procedimiento Civil, <u>supra</u>. Esto lo diferencia del emplazamiento personal, en el cual la entrega del emplazamiento en conjunto con la demanda y sus anejos

inicia el término establecido por las Reglas de Procedimiento Civil para contestar la demanda.

En el caso del emplazamiento por edicto **es su publicación** y no la expedición o presentación en persona la que inicia el conteo del término para contestar la demanda. Así lo deja claro la precitada Regla 10.1 de Procedimiento Civil, <u>supra</u>, al exponer que "una parte demandada que se encuentre en o fuera de Puerto Rico deberá notificar su contestación dentro de treinta (30) días … **de haberse publicado el edicto**, si el emplazamiento se hizo conforme a lo dispuesto en la Regla 4.6 [de Procedimiento Civil]". (Énfasis nuestro).

La Regla 4.6 de Procedimiento Civil, <u>supra</u>, dispone en lo pertinente "que se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, … al lugar de su última dirección física o postal conocida". (Énfasis nuestro). Esta obligación se omite siempre y cuando "se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, … no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición". La controversia ante nos cumple con el requisito general debido a que la parte demandante conocía la última dirección de la parte demandada.

Ahora bien, para poder contabilizar el término de 30 días es indispensable, en los casos que correspondan, que se haga constar - en la notificación por correo certificado- una copia de la hoja completa, que refleje la fecha de publicación del edicto o una certificación de la administración del periódico que lo indique. Esto le permite a la parte emplazada saber hasta cuando tiene para contestar la demanda.

Esto lo dejamos claro en Banco Popular v. SLG Negrón, supra, al exponer que entre la información que se debe incluir en los documentos que se le envían por correo certificado a la parte emplazada está el "…término dentro del cual deben contestar [la demanda], [y] cuando éste comienza a transcurrir…". Íd, pág. 874. No puede ser de otro modo. De no ser así, estaríamos obligando a la parte demandante a especular y adivinar cuánto tiempo tiene para contestar la demanda. Eso pondría en riesgo su oportunidad de defenderse. Ese no es el propósito que buscan las Reglas de Procedimiento Civil.

**C**

Por último, nos corresponde resolver si el foro primario estaba impedido de ordenar un nuevo diligenciamiento de un emplazamiento por edicto previamente realizado dentro del término de 120 días que establece las Reglas de Procedimiento Civil- debido a que el diligenciamiento del nuevo emplazamiento se efectuó después de los mencionados 120 días.

La Regla 4.3(c) de Procedimiento Civil, supra, establece el término que la parte demandante tiene para diligenciar el emplazamiento. En lo pertinente, esa regla expone:

> **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto.** El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio.** Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis nuestro).

En Bernier González V. Rodríguez Becerra, supra, determinamos que el término de 120 días que impone la referida Regla 4.3(c) de Procedimiento Civil, supra, para emplazar personalmente es **improrrogable.** En ese caso, el foro primario autorizó una prórroga para emplazar personalmente transcurridos 100 de los 120 días dispuestos en la regla para emplazar. En consecuencia, el tribunal extendió el término para emplazar personalmente pasados los 120 días estatuidos. El 7 de marzo de 2014, pasados 142 días de la presentación de la demanda y de la expedición de los emplazamientos por la Secretaría, la parte demandante solicitó el emplazamiento por edicto. Bernier González V. Rodríguez Becerra, supra, pág. 640. Luego de analizar el

tracto legislativo de la Regla 4.3 de Procedimiento Civil, supra, concluimos que el término de 120 días para diligenciar el emplazamiento era improrrogable. Bernier González V. Rodríguez Becerra, supra, pág. 652. Véanse, además: Pérez Quiles v. Santiago Cintrón, 2021 TSPR 22, 206 DPR _ (2021); Sánchez Ruiz v. Higuera Pérez, supra.

Por su parte, la Regla 4.8 de Procedimiento Civil, 32 LPRA Ap. V, permite "que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento, **a menos que se demuestre claramente que de así hacerlo se perjudicarían sustancialmente los derechos esenciales de la parte contra quien se expidió el emplazamiento**". (Énfasis suplido).

En Colón Gandía v. Tribunal Superior, 93 DPR 225, 231-233 (1966), expresamos:

> Bajo el poder conferido por la Regla 4.9[de Procedimiento Civil] [ahora Regla 4.8], los tribunales, en el uso de su discreción, pueden ordenar que se enmiende un emplazamiento o citación a fin de ajustarlo a la realidad, cuando se trata de situaciones en que se ha consignado en forma inapropiada el nombre de la persona que realmente se desea demandar. Esas situaciones, se ha decidido, deben ser consideradas como meros errores técnicos especialmente si se ha emplazado en realidad a la persona que se tiene interés en demandar o su agente autorizado al respecto....
>
> Se ha decidido que siempre que la enmienda solicitada no tenga el efecto de sustituir o incluir partes nuevas al procedimiento que no han sido emplazadas y sobre los cuales el tribunal no ha adquirido jurisdicción, y cuando no haya duda alguna en cuanto a la intención del demandante respecto a la persona que se ha tenido interés en demandar, habiéndose emplazado efectivamente a dicho demandado o su agente autorizado al efecto, actúa correctamente un tribunal al permitir la enmienda para corregir el nombre de dicho demandado….[Citas omitidas].

Posteriormente, en Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 26 (1993), citando a Colón Gandía v. Tribunal Superior, supra, págs. 231-232, reafirmamos que las "enmiendas permitidas por la Regla 4.9 de Procedimiento Civil, supra [ahora Regla 4.8 de Procedimiento Civil, supra] son aquellas dirigidas a subsanar meros errores técnicos".

En esa misma línea, en León García v. Restaurante El Tropical, 154 DPR 249, 277 (2001), indicamos que "[l]a ocasión más común para la realización de una enmienda bajo la Regla 4.9 de Procedimiento Civil, supra [hoy la Regla 4.8 de Procedimiento Civil, supra] es cuando el demandante comete una equivocación o error técnico que resulta en una falla en la identificación apropiada de la persona del demandado." Expresamos que lo fundamental es que pueda "concluirse que la persona demandada fue realmente notificada de la reclamación en su contra y no se perjudiquen sustancialmente sus derechos esenciales". León García v. Restaurante El Tropical, supra, pág. 258. Igual análisis han sostenido los tratadistas Wright y Miller, al expresar que siempre que el emplazamiento sea lo suficientemente preciso para proporcionar una notificación adecuada, con toda probabilidad se permitirá una enmienda y se considerará el error como uno inofensivo. 4A Wright and Miller, Federal Practice and Procedure Sec. 1088 (4th ed. 2020) ("*[A]s long as the summons is sufficiently accurate to provide proper notice, an amendment probably will be allowed and the error deemed harmless*").

Para enriquecer nuestro análisis sobre las instancias en las cuales se puede enmendar un emplazamiento, consideramos pertinente analizar la jurisprudencia que ha interpretado la Regla 4(a)(2) de Procedimiento Civil federal, la cual es equivalente, en parte, a nuestra Regla 4.8.

Al igual que en Puerto Rico, en la jurisdicción federal se tiene un enfoque liberal al conceder enmiendas al emplazamiento. Regla 4(a)(2) de Procedimiento Civil federal, supra; 4A Wright and Miller, Federal Practice and Procedure, supra ("*the liberal amendment policy expressed in Rule 4(a)(2) can be used to alleviate errors of a technical nature that are not misleading or prejudicial to the recipient of the document*").

En United Food & Commercial Workers Union v. Alpha Beta Co., 550 F.Supp. 1251, 1255 (N.D.Cal.1982), el Tribunal de Distrito para el Distrito Norte de California, estableció que a pesar de que la demanda no había sido formalmente contestada, el demandado había respondido efectivamente al solicitar un procedimiento de arbitraje y solicitar una sentencia sumaria y la desestimación del pleito. Explicó que un error en cuanto a la omisión de poner en el emplazamiento el término de respuesta para contestar la demanda, al ser un error técnico, no es suficiente para invalidar la notificación del emplazamiento al demandado. Véase,4A Wright and Miller, Federal Practice and Procedure, supra, esc. 4.

Como podemos ver, lo determinante a la hora de autorizar una enmienda al emplazamiento es que la parte a quien se dirige el emplazamiento sea realmente notificada de la reclamación en su contra y haya respondido a la reclamación. Lo que se busca es que no se perjudiquen sustancialmente los derechos esenciales de la parte demandada.

Ahora bien, en el caso ante nuestra consideración se desprende del expediente que Caribbean Orthopedics cumplió con los requisitos expresos de la Regla 4.6(b) de Procedimiento Civil, supra, sobre el contenido del edicto. Su único error fue enviar un recorte del periódico en el que se publicó el edicto, sin que se pudiera ver la fecha de publicación. Al estudiar el tracto procesal del caso concluimos que esta omisión no le causó un perjuicio a Medshape. Esta última pudo defender sus intereses en todo momento. Muestra de ello es su intento de trasladar el caso al foro federal, dentro del término para contestar la demanda. No surge que la omisión de Caribbean Orthopedics fuera de mala fe, con la intención de coartarle a Medshape la oportunidad de defenderse. Por lo tanto, como no se demostró que se perjudicaron los derechos esenciales de la parte contra quien se expidió el emplazamiento, el foro primario ejerció adecuadamente su discreción al autorizar la enmienda del emplazamiento por edicto. Por lo que estamos ante un diligenciamiento defectuoso menor, susceptible de ser enmendado.

Además, resulta meritorio evaluar las acciones de Medshape durante el proceso. El 20 de agosto de 2019, el Tribunal de Primera Instancia le concedió a Caribbean Orthopedics 30 días para que presentara una segunda solicitud de emplazamiento por edicto. En cumplimiento con lo ordenado, Caribbean Orthopedics presentó una segunda solicitud de emplazamiento por edicto. El 11 de octubre de 2019 el foro primario autorizó la expedición del nuevo emplazamiento por edicto y el 16 de octubre de 2019 este se publicó en el periódico El Nuevo Día. En ningún momento Medshape objetó el proceder del foro primario. Tampoco levantó reservas a la segunda solicitud de emplazamiento por edicto. No fue hasta el 23 de octubre de 2019, después de haberse diligenciado el emplazamiento enmendado y en una vista para continuar los procedimientos, que Medshape argumentó que el segundo emplazamiento se hizo contrario a derecho. Esperó dos meses para presentar sus objeciones.

Por otro lado, como bien determinó el foro primario, la autorización de enmendar el emplazamiento por edicto no es contraria a lo establecido en Bernier González v. Rodríguez Becerra, supra. Allí, se resolvió que el término de 120 días para emplazar es improrrogable. Bernier González v. Rodríguez Becerra, supra, pág. 652.

En cambio, la controversia ante nuestra consideración es distinta. Aquí todo el trámite sobre el emplazamiento por edicto a Medhsape se efectuó dentro del término de 120 días provisto por la regla, y no luego de que el mencionado

término culminara. En otras palabras, no se prorrogó el término para emplazar. Se está enmendando un emplazamiento que se diligenció dentro del término reglamentario. Por eso, el precedente de <u>Bernier González v. Rodríguez Becerra</u>, <u>supra</u>, es inaplicable. Por ello, no existe impedimento para que el tribunal, ejerciendo su discreción, autorice la enmienda de un emplazamiento diligenciado en término. Así queda claro del lenguaje de la Regla 4.8 de Procedimiento Civil, <u>supra</u>, al exponer que **"[e]n cualquier momento**, a su discreción y en los términos que crea justos, el tribunal puede permitir que se enmiende cualquier emplazamiento o la constancia de su diligenciamiento…". (Énfasis suplido).

Por lo tanto, el foro apelativo intermedio erró al revocar la autorización para enmendar el emplazamiento. El foro primario tiene discreción para ordenar la enmienda de un emplazamiento pasado el término de 120 días para emplazar que disponen nuestras Reglas de Procedimiento Civil, siempre y cuando el diligenciamiento del emplazamiento original se haya efectuado durante ese plazo.

### III

Por los fundamentos antes expuestos, se emitirá Sentencia en la que se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia de conformidad con lo resuelto aquí.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Caribbean Orthopedics
Products of Puerto Rico, LLC

    Peticionaria

      v.

Medshape, Inc.; First Choice
Prosthetic & Orthopedic
Service, Inc.; First Choice
Prosthetic Corp.; Compañías
Aseguradoras A, B y C

    Recurridos

           AC-2020-0053

SENTENCIA

En San Juan, Puerto Rico, a 19 de agosto de 2021.

Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia de conformidad con lo resuelto aquí.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo